instruction was used under an agreement to embrace other suits pending, between the demandants and other tenants, involving the same title which should be determined by the decision in this case. The instruction might have been more definite as to the extent of possession by reference to the title under which the possession was held; but as this may be considered as included in the word possession, if it extend beyond the actual occupancy, agreeably to the rule laid down in this case, the instruction as asked is given. And the court instructed the jury also, "that to enable the demandants to recover, they must have proved to the satisfaction of the jury, that they, or those under whom they claim, have had seisin of the land in contest within thirty years next before the commencement of their suits." And also, "that if they find from the evidence that Remy's patent includes the land in contest, they must find for the tenants." The jury found that the tenants have better right than the demandants, to the land in controversy; on which verdict judgment is entered.

## Case No. 4,387.
ELLICOTT v. SMITH.
[2 Cranch, C. C. 543.][1]
Circuit Court, District of Columbia. **Dec.** Term, 1824.

CRANCH, Chief Judge (THRUSTON, Circuit Judge, doubting). The garnishee, in answer to interrogatories, says that he is one of the firm of "The Georgetown Importing and Exporting Company," and that by reason of certain losing and disadvantageous sales of the property of that company, by the defendants, Lanahan & Bogart, there then remained, on the books of the said defendants, a balance against the said company of $379.74, as he has been informed by the said defendants, and believes to be the fact; which balance they have claimed to have allowed them in the settlement of their accounts with the said company. He further says, that he has tendered to the defendants, L. & B., an equal proportion, with the other credit-

ors of the said company, of such portion of the said company's funds as was held to secure his own individual claims. The question is, whether upon this answer the court can render judgment against Mr. Smith, the garnishee. We think we cannot. He is not individually and solely indebted to the defendants. If they had brought suit against him he might have pleaded in abatement that there were other partners not named in the writ. But his answer does not even admit that the company is indebted to the defendants; it only admits that they claimed to have the balance of accounts upon their books, allowed in the settlement. We are inclined to think that all the partners of the company should have been made garnishees. No one of the company should be charged unless upon his own oath or plea. However this may be, we think the answer does not admit a balance due by the company to the defendants.

## Case No. 4,387a.
ELLINTHORP v. ROBERTSON.
[See Case No. 4,408.]

## Case No. 4,388.
ELLIOT v. HAYMAN.
[2 Cranch, C. C. 678.][1]
Circuit Court, District of Columbia. **May** Term, 1826.

[1] [Reported by Hon. William Cranch, Chief Judge.]