## LESTER HASKELL *vs.* LUKE BLAIR.

A note, payable in work to a person named therein, or to bearer, on demand, after a specified time, is assignable immediately before the expiration of the time.

If the assignee of a note for labor, payable to the payee therein named, or to bearer, cause payment thereof to be demanded for him by an agent; and the promisor does not object to the authority of the person by whom the demand is made, nor to the time or place of doing the work demanded, nor to the person for whom he is requested to perform it, he cannot object to the assignment as a compulsory transfer of his services.

THIS was an action, brought for the benefit of an assignee, on a note of hand, of which the following is a copy : ―

" PERU, May 15, 1843. For value received, I promise to pay Lester Haskell fifteen dollars in work after the first of August next, on demand, with use, or bearer.

         (Signed)            LUKE BLAIR."

The action was tried before *Mellen*, J., in the court of common pleas. The signature not being denied, the note was read, and the plaintiff then introduced a witness (Albertus Richards) who testified, that some time after the note became payable, and before this action was brought, he, as the agent of Hiram Richards, his father, who was then the owner of the note, demanded payment of the same of the defendant, in the work and labor usually done by him, to be

performed for the owner of the note ; with which demand the defendant refused to comply. A similar demand was made at several different times.

The defendant contended, upon this evidence, and requested the court to instruct the jury, that no sufficient demand had been proved to maintain the action : 1. Because the note was not a chose in action, and assignable or transferable as such, until after a breach of the contract; and, 2. Because, consequently, Hiram Richards, at the time of the demand of payment of the note, had no authority to make it.

The court declined giving the instructions prayed for, but instructed the jury, that if they believed the testimony of the witness, and that the defendant, on a demand being made on him of payment of the note, as stated in the evidence, refused payment, without making any objection to the time or place of payment, in work, or the person for whom the work and labor were to be performed, they might be satisfied that a sufficient demand had been made, to enable the plaintiff to maintain this action ; and that the note was so far assignable, that the payee thereof might transfer the same in such a manner as to authorize the assignee to make demand of payment.

A verdict being returned for the plaintiff, the defendant alleged exceptions to the foregoing instructions.

*E. Merwin,* for the defendant.

*T. G. Gold,* (with whom was *J. Rockwell,*) for the plaintiff.

METCALF, J. It has been argued for the defendant, that as he was not liable to an action on the note, at the time when it was assigned, because the work therein promised to be done had not been demanded of him, therefore the note was not then a chose in action which could be assigned. But if the words " chose in action," when first used with reference to an assignment or transfer thereof, necessarily imported a present right of action, (a question which we have not examined,) they have long since acquired a more extended meaning. The general definition is, " a right not reduced into

possession." A definition, which includes the present case, is, "the interest in a contract, which, in case of non-performance, can only be reduced into beneficial possession by an action or suit." Chit. on Bills, (10th Amer. ed.) 6. See also 2 Wooddeson, 387, 388. A note, bond, or other promise not negotiable, is denominated a chose in action, before the promisor or obligor is liable to an action on it, as well as after. A note for money, payable on time, is a chose in action, as soon as it is made; and though it be not payable to order or bearer, yet it is immediately assignable, just as a note on time, payable to order or bearer, is immediately negotiable. So the note now in suit, being payable in work, after a certain day, to the promisee or bearer, on demand, was a chose in action, assignable before or after that day, and before demand, though no action could be maintained on it, till after demand.

It was also argued for the defendant, that it would be contrary to sound policy to sustain this assignment; that the defendant might be willing to work for the promisee, and not for an assignee; and that he should not be compelled, on pain of paying damages in money, to labor in the service of a third person. But he voluntarily promised to work for the promisee "or bearer;" and when requested to work for the assignee, he made no objection to the authority of the person making the request, nor to the time or place of doing the work requested, nor to the person for whom he was requested to do it. There is, therefore, in this case, no compulsory assignment of the defendant's services.

We are of opinion that the instructions given to the jury were correct, and that the plaintiff is entitled to judgment on the verdict for the use and benefit of the assignee.

*Exceptions overruled.*