## UNION PAC. R'Y CO. v. GIBSON.

1. PRACTICE AND PROOF IN GARNISHMENT PROCEEDINGS.— In garnishment proceedings the creditor who seeks to obtain judgment is required to establish affirmatively the liability of the garnishee, in order to justify a judgment against him.
2. WHERE JUDGMENT IS RENDERED AGAINST A GARNISHEE WITHOUT AFFIRMATIVE PROOF OF INDEBTEDNESS IT WILL BE SET ASIDE.— A judgment against a railroad company, as garnishee of one of its employees, cannot be sustained where it appears that the company was running a quarry in a remote place; that it had established a boarding-house and store for its employees, the company being answerable for their bills, and deducting them from their wages; that at the time of the garnishment the debtor had worked for the company fifteen days, and that his bill for supplies and board exceeded the amount which he had earned. Such proof fails to show affirmatively, as required by law, any indebtedness against the company.

*Appeal from Larimer County Court.*

Messrs. TELLER & ORAHOOD, for appellant.

Messrs. JOHN C. HANNA and GEORGE W. BAILEY, for appellee.

BISSELL, C. This was a proceeding in garnishment, instituted by Bailey, as a judgment creditor of Gibson, to collect from the railway company the money claimed· to be due from it to Gibson. In the county court, from which, by appeal, the case comes here, judgment was rendered against the railway company for $30 and costs.

Under the law which determines and limits the liability of garnishees, the judgment against the company cannot be maintained. According to the settled rule governing such cases, the liability of the garnishee must be made affirmatively to appear in order to justify a judgment against him. *Richards v. Stephenson*, 99 Mass. 311; Drake, Attachm. § 452 *et seq.*

The obligation to establish that liability by proof is with the creditor who seeks to obtain the judgment. It is immaterial as to the precise method by which the liability is established. It may appear· from the answer of the garnishee or it may be established by collateral proof, where issue is taken on the denials of the answer. In either event the duty is precisely the same, and always exists. In this case it did not appear from the answer of the garnishee that it was indebted to Gibson. On the contrary, the answer denied all indebtedness. The only testimony which was introduced to overcome this denial came out of the cross-examination of the agent of the company, who answered as to the indebtedness claimed to exist in favor of Gibson. By agreement of the parties the answer was taken orally. Upon the direct testimony the witness answered *non debit*. On cross-examination, however, it transpired that the garnishee was engaged in running a quarry at Stout, in Larimer county, which was a place remote from any town, and without other inhabitants than those in the immediate employ of the railroad company. There the company had established a boarding-house, and placed a man in charge. The same person kept a store, and furnished supplies to the men employed. The arrangement under which Clinton ran the place substantially provided that he should board the men at a fixed rate per week, and

furnish them with whatever they wanted, and the company
would be answerable for the bills thus contracted.   From
month to month, as the men worked, they were paid their
wages, less the board and store bills contracted with Clin-
ton, who was paid directly by the company.   Gibson, the
debtor, had been in the employ of the company for a couple
of years, and this course had been pursued with him ever
since his original employment.   There was no direct testi-
mony as to the making of a contract with Gibson, but this
is of little consequence in the determination of the rights of
the parties.   In the absence of proof showing the contrary,
the contract will be presumed to be in accordance with this
usage and habit.   It likewise appeared that at the time of
the service of the process of garnishment, Gibson had
worked the preceding fifteen days, and that the amount of
his board, and the bills contracted with Clinton, exceeded
the amount which he had earned during that period.   There
was no evidence whatever to show that Gibson worked be-
yond that time, nor that the company was in any wise
indebted to him, unless he was entitled to his wages, not-
withstanding his indebtedness to the store-keeper.   The
denial of indebtedness contained in the answer was not
overcome by proof that the wages earned during the fifteen
days of labor remained unpaid, nor by showing that the
debts contracted with Clinton remained unliquidated, or
that the company's liability thereon had been released or
discharged.   In the absence of satisfactory proof upon these
questions it cannot be said that the attaching creditor has
complied with the law in showing affirmatively that the
person garnished is indebted.   Whatever the presumption
may be, it will not uphold the judgment, which must rest
upon sufficient proof.

In any event the arrangement between the company, its
employee and the store-keeper is an ample response, under
the facts as proven, to the claim made against them.   It
was entirely competent for the parties interested to make
an arrangement of this description, and when made it would

be binding upon them. It was clearly established by the testimony that the charges for what was furnished to the men were made directly against the company, with the knowledge and presumed assent of the employees. The material having been furnished and accepted, there was an ample, executed consideration to uphold the original agreement and render it enforceable as against the persons directly concerned. These considerations make it apparent that Gibson himself could not have maintained a suit against the company for the wages which the creditor is seeking to reach by this process. Proof of indebtedness to the storekeeper equaling the amount of his claim, followed by evidence establishing a contract with the · company, binding upon him, which would be operative as an equitable assignment of his rights in favor of his creditor, would constitute a perfect defense to any action which he might commence against the company. *Doyle v. Gray,* 110 Mass. 206; *Taylor v. Railroad Co.* 5 Iowa, 115.

Since the creditor recovers, if at all, by virtue of the right existing in the debtor to establish and maintain the enforced obligation, it necessarily follows that, if the debtor is barred from recovery, the creditor is without right in the premises. The judgment should be reversed.

RICHMOND and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed.

*Reversed.*