THE DENVER, TEXAS & FORT WORTH RAILROAD COMPANY, PLAINTIFF IN ERROR, v. SMEETON, ADM'X, DEFENDANT IN ERROR.

1. GARNISHMENT—PROOF.
A creditor who attempts, by garnishment, to enforce an alleged liability of one who owes his debtor, must show by satisfactory proof that the garnishee is indebted to the judgment debtor.

2. BURDEN OF PROOF.
When issue is joined upon the garnishee's indebtedness, the burden of proof is upon the attaching creditor.

3. ASSIGNMENT OF FUTURE EARNINGS.
An employee having assigned his earnings or wages for a time to come, and his employer having accepted the assignment, the employer's liability is to the assignee, and garnishment cannot be maintained against him by a creditor of the assignor.

*Error to the County Court of Arapahoe County.*

Messrs. WELLS, MCNEAL & TAYLOR, for plaintiff in error.

No appearance for defendant in error.

BISSELL, J., delivered the opinion of the court.

By proceedings in garnishment Mrs. Smeeton, the defendant in error, attempted to recover of the Railroad Company a debt which she claimed was due her from James A. Sem-

ple. Semple's indebtedness was not very clearly established, but for the purposes of this decision it will be assumed that he was a judgment debtor, and that the proceedings anterior to the rendition of judgment against the garnishee were regular, and sufficiently established. The judgment creditor cannot recover even with this concession. The creditor who attempts to enforce the alleged liability of one who owes his debtor by the aid of this process must show by sufficient and satisfactory proof that the garnishee is obligated. The cases are in harmony upon this proposition. *U. P. Railway v. Gibson*, 15 Colo. 299.

There was no effort on the part of the attaching creditor to bring her case within this settled rule of law. The Railroad Company denied its indebtedness, and this cast the burden of proving the debt, if any existed, on the creditor. No evidence was offered which disclosed the relations between Semple and the Railroad Company. There was no attempt to show the employment of Semple, the contract under which he was hired, the wages he received, or the time he had been employed. Without proof covering these several propositions, judgment could not be entered against the company. None of them were embraced in the evidence and the recovery cannot be upheld.

In addition to this difficulty there was an equally insuperable obstacle to the plaintiff's recovery. Prior to the time that the writ was served on the corporation, Semple had assigned his wages for the month of September to a third person for a valuable consideration paid to him at the time of the transfer. The company accepted the assignment, and thereafter were only liable to the assignee for whatever might become due to Semple during that time. There is no rule of law which inhibits this proceeding. All of a debtor's tangible property save what may be exempt from execution is liable to be seized in satisfaction of his debts. His labor is not equally available to the creditor for the purposes of satisfaction. He may sell it, or give it away, or dispose of it in such manner as he pleases, and if the transaction in-

fringes no established legal principle the creditor is remediless. *Abbey v. Deyo,* 44 N. Y. 343; *Rush v. Vought,* 55 Pa. State, 437.

If the laborer sees fit to sell his wages for a year for a fixed consideration which the employer is willing to advance to him at the commencement of the hiring, there is no method by which the creditor can attach that labor unless he is able to reach the tangible results which have passed into the possession of the debtor himself. On principle there seems to be no good reason, if this be true, why his right to wages may not be assigned for a valuable consideration then paid, providing the purchaser is willing to take his chances upon the completion of his contract, and the employer is willing to accept the assignment, and agree to pay the assignee whatever may be earned during the continuance of the agreement.

These considerations demonstrate the error into which the court fell in rendering judgment for the attaching creditor. The case must be reversed and remanded.

*Reversed.*