Reed, J.,
after stating the facts, delivered the opinion of the court.
There may have been some juggling between the parties in regard to the two contracts, but the facts are conclusively established by the evidence that the transactions with appellants were separate and distinct contracts; the first with Geiger and McCurdy (D. R. McCurdy & Co.); the second with Mayo and C. McCurdy. It is not claimed that Geiger of McCurdy & Co. had any connection with the second contract. Whatever money was due appellee upon building contract was upon the first contract, and was due by McCurdy & Co., while a part of the claim for which judgment was given was for borrowed money due by D. R. McCurdy individually. The money sought to be reached in the hands o.t garnishees was admitted to be monej due upon the second contract. It is contended that D. R. McCurdy was the real party in interest, but the position is not sustained by the evidence. The lots upon which the three last houses were *24 built were in Mayo and McCurdy, and they conveyed to a purchaser. Although D. R. McCurdy may have participated in the last contract as agent or otherwise, appellee was not misled as to the real contracting parties. He admits that vouchers or orders to draw money from appellants on the first contract were executed by D. R. McCurdy & Co., while upon his first estimate on the last building, and subsequently, they were drawn by Mayo and C. McCurdy. The contracts of appellants by which they were to furnish money were shown to have been separate and distinct, and made with entirely different parties.
The answer of appellants was fully sustained by the evidence, nor was there any evidence that could change their legal status and allow them to pay money arising out of, and due upon, the second contract, upon the first. Judgments, in order to be valid, must be based upon legal principles and warranted by evidence. Judgments resting entirely upon whim, caprice, suspicion and inference of court or jury cannot be sustained. There may have been fraud and collusion between D. R. McCurdy, Clementina McCurdy and Mayo, but to affect the legal liability of appellants, it must have been shown, and the money shown to have belonged to D. R. McCurdy; otherwise, garnishees would have no protection against a liability to pay twice.
Several errors are assigned upon the ruling of the court in admitting and rejecting evidence which we do not think it necessary to consider. Under the evidence there were no questions to be determined by the jury, and the court should have instructed it that under the proof plaintiff could not recover. It follows that the instructions given were faulty and that the court erred in refusing to give the following instructions asked by appellants:
“ In order to find for the plaintiff and against the garnishee •in this case, you must find that there is such a liability on the part of Hollowell & Co. to D. R. McCurdy as would enable him to maintain his suit or action directly against Hollowell & Co., in his own name and for his own use, and recover a *25 judgment against Hallowell & Co.; .and if there is no such liability on the part of Hollowell & Co., then your verdict must be for the garnishee.”
It is a well-settled rule of law that the garnishee is not chargeable unless the defendant could recover of him what the plaintiff seeks to secure by garnishment. Waples on Attach. 202; Drake on Attach. § 458.
It is the rule in the federal courts, and has been so held in most of the state courts, and is the well-settled rule in.this state. Sickman v. Abernathy, 14 Colo. 174; U. P. Ry. Co. v Gibson, 15 Colo. 300; Marks v. Anderson, 1 Colo. Ct. App. 4; Denver, T. & F. W. Ry. Co. v. Smeeton, 2 Colo. Ct. App. 126.
It is clear from the evidence put in by both parties that neither D. R. McCurdy & Co. nor D. R. McCurdy had any claim against appellants that could have been collected by a proceeding at law. Appellee could not occupy a better position than the defendant. ’
The judgment must be reversed and cause remanded.

Reversed.