JONES, PLAINTIFF IN ERROR, v. LANGHORNE, GARNISHEE, DEFENDANT IN ERROR.

PER HAYT, C. J.

1. GARNISHEE—WHEN LIABLE.

As a general rule a garnishee is only liable where the defendant, or judgment debtor, might have maintained an action against him.

2. PARTNERSHIP DEBT.

Where an action is brought to recover a firm debt, one partner has the right to insist that his copartners shall be joined as defendants.

3. PRACTICE.

The practice in garnishment proceedings is regulated by statute. Where a partner is sued individually for a firm debt he is usually required to plead the nonjoinder of his copartners, in order that he may avail himself of this defense, but this general rule has no application to garnishment proceedings under our civil code.

4. PLEADING.

Under the statute, the garnishee has no opportunity to plead to a reply, but without pleading he can avail himself of any defense he may have to the new matter set up therein.

PER ELLIOTT, J.

5. ESTOPPEL.

A party accepting and retaining money paid under a void order is estopped to question the validity of the proceedings by which the money was obtained, and this rule may be invoked by a garnishee.

6. LIMITATIONS—NEW PROMISE.

A new promise to pay a debt barred by the statute of limitations will not be implied from part payment, where the circumstances of the payment rebut the inference of such promise; and where the part payment is money realized from assets transferred by the debtor to the creditor, the new promise is not to be implied as of a date later than the transfer.

*Error to the District Court of Lake County.*

IN the years 1881 and 1882 the Bank of Leadville, an incorporation, was doing a general banking business in the city of Leadville, and a copartnership, composed, as it is claimed, of the defendant in error, Langhorne, E. L. Campbell, George R. Fisher and J. B. Bissell, were transacting a general banking business at the town of Independence, Colorado, under the firm name of the Bank of Pitkin County.

On the 25th day of July, 1883, the Bank of Leadville made a general assignment to George W. Trimble, and upon the same date, upon an *ex parte* proceeding, Trimble was appointed receiver of said bank by the district judge.

In November, 1883, plaintiff in error, C. A. Jones, instituted suit in the district court of Lake county by attachment against the Bank of Leadville. In this suit the attachment was dissolved by the district court because of the receivership, but judgment in favor of plaintiff in error was rendered for $45,242.50, with interest and costs. This judgment bears date on the 16th day of February, 1884. On the 18th day of February, 1884, an execution was issued upon the judgment. This execution was returned unsatisfied. To the judgment dissolving the attachment, Jones sued out a writ of error to the supreme court. As a result of this proceeding the appointment of Trimble as receiver was held void, and the judgment dissolving the attachment reversed. *Jones v. Bank of Leadville*, 10 Colo. 464.

On the 25th day of August, 1888, another execution was sued out, and levied on sundry property of the Bank of Leadville. Sufficient was realized upon this execution to reduce the judgment to about the sum of $20,000. On November 28, 1888, a third execution was issued for this uncollected balance, and process of garnishment thereunder issued against the plaintiff in error, James C. Langhorne. To this proceeding the garnishee answered, denying any indebtedness. Within the statutory time a reply to this answer was filed by plaintiff in error. In this reply it is alleged that Langhorne and others constituted the firm known as the Bank of Pitkin County; that this bank or copartnership, was on the 13th day of December, 1886, indebted to the Bank of Leadville in the sum of $10,150. It is further alleged that Langhorne paid George W. Trimble, assuming to be the receiver of the Bank of Leadville, $5,000 in settlement of the debt, although that was but a portion of the indebtedness due to the Bank of Leadville from the Bank of Pitkin County. Subsequently

the garnishee filed an amendment to his original answer, setting up the defense of the statute of limitations.  Upon the trial it was practically conceded that the true amount of indebtedness due to the Bank of Leadville from the Bank of Pitkin County on the 13th day of December, 1888, was $7,005.60; it being also conceded that the settlement with Trimble was made as alleged; Langhorne's connection as a partner in the banking business being disputed.

Plaintiff in error, Jones, sought to obtain judgment against the garnishee for the difference between this sum and the amount paid by Langhorne in settlement of the account, his contention being that an indebtedness of $7,005.60 could not be discharged by the payment of the sum of $5,000.  Upon the issues made the case was tried to the court without a jury, the trial resulting in a judgment in favor of the garnishee Langhorne.

Mr. A. T. GUNNELL, for plaintiff in error.

Mr. S. D. WALLING, for defendant in error.

HAYT, C. J.  As a general rule, a garnishee is only liable where the defendant or judgment debtor might have maintained an action against him.  There is an exception to this rule in cases of a fraudulent transfer of property to the garnishee, but the principle upon which the exception is based has no application in this case.  It follows that, in order to enable plaintiff in error to maintain this proceeding against Langhorne, the defendant in error, it must appear that the judgment debtor, the Bank of Leadville, could have maintained the action against Langhorne, the garnishee. Drake, in his work on Attachments, § 462, says: " It is an invariable rule, that under no circumstances shall a garnishee, by the operation of the proceedings against him, be placed in any worse condition than he would be in, if the defendant's claim against him were enforced by the defendant

himself." This principle has been announced in a number of cases in this state. *Sauer v. The Town of Nevadaville,* 14 Colo. 54; *Sickman v. Abernathy,* 14 Colo. 174; *Union Pacific Railroad Co. v. Gibson,* 15 Colo. 299; *Marks v. Anderson,* 1 Colo. App. 1. Could the judgment debtor, the Bank of Leadville, have maintained an action against the garnishee, Langhorne, for the claim here sought to be enforced?

The garnishment proceeding is directed against Langhorne individually, to secure a claim against the Bank of Pitkin County, a partnership composed of the garnishee and three others. The attempt to charge Langhorne grows out of his supposed connection with this copartnership. Neither by pleading nor proof has it been attempted to establish any liability whatsoever against Langhorne, except as such liability is made dependent upon the alleged indebtedness of the Bank of Pitkin County to the Bank of Leadville. It is well settled in this jurisdiction that in an action to enforce a partnership liability all the partners must be joined as defendants. This familiar rule of the common law has been held to be in force in this state in a number of cases. See *Bank v. Ford,* 7 Colo. 314; *Craig v. Smith,* 10 Colo. 220; *Dessauer et al. v. Koppin,* 3 Colo. App. 115; 32 Pac. Rep. 182; see also, *Bowen v. Crow,* 16 Neb. 556.

It is no answer to say that when several are joined as defendants and some are shown liable, while others are not, judgment may be rendered against part only. In this case the indebtedness alleged constitutes but a single indivisible claim against the Bank of Pitkin County. The allegations and proof tend to establish a claim against the copartnership, rather than against a part only of those composing the firm. To allow Jones, the plaintiff, to maintain this action against the garnishee, Langhorne, individually, would result in placing the garnishee in a worse condition than if the defendant was attempting to enforce the claim against the Bank of Pitkin County. This cannot be permitted. Drake, Attachm. (4th ed.) 561; *Hoskins et al. v. Johnson et al.,* 24 Ga. 625; *Atkins*

*v. Prescott*, 10 N. H. 120; *Ellicott v. Smith*, 2 Cranch, C. C. 543; *Wellover v. Soule*, 8 Mich. 481.

It is contended, however, that this question should have been raised by plea in the court below. Undoubtedly, as a general rule, where a partner is sued individually for a firm debt, he should plead the nonjoinder in order that he may avail himself of this defense, but this general rule can have no application to garnishment proceedings under our civil code. This proceeding is purely a creature of statute. The statute provides that, "New matter in the affidavit replying to the answer of the garnishee, shall be taken as denied or avoided without any rejoinder being filed, and the matter thus at issue, without further pleadings shall be tried in the same manner as other issues of like nature. * * *" Section 128, Code 1887.

The garnishee in this case in the first instance answered the process served upon him by a simple denial of indebtedness. Afterwards by an amendment to this answer, the defense of the statute of limitations was set up. To this answer a reply was interposed by the plaintiff in error. In this pleading the copartnership of Langhorne (garnishee herein), E. L. Campbell, George R. Fisher and J. B. Bissell, under the firm name and style of the Bank of Pitkin County, and the joint indebtedness to the Bank of Leadville, was first alleged. Under the statute the garnishee had no opportunity to plead to this reply, but without further pleading he could avail himself of any defense he might have to the new matter set up in the affidavit. Section 128, *supra.*

The district court, upon the proofs decided that Langhorne was not liable as garnishee, and rendered judgment accordingly. The question before us has reference solely to that judgment. As the conclusion reached upon the failure to join with Langhorne his copartners, must necessarily result in an affirmance of the judgment, our opinion upon the other points raised is not material.

The judgment of the district court should be affirmed.

ON REHEARING.

Opinion by MR. JUSTICE ELLIOTT.

Upon a re-examination of this case I am of the opinion that the judgment of affirmance should be adhered to upon other grounds than those stated by the chief justice.

The judgment of the trial court was general in favor of the garnishee—the particular ground or grounds for the decision not being specified in the record. The judgment, therefore, must be upheld, if, upon a fair trial, plaintiff failed to establish his claim under the issues in the garnishment proceedings.

It appears that in July, 1883, the Bank of Leadville, by its corporate name and seal attested by its cashier, executed and delivered to George W. Trimble a deed of assignment of all its property, real, personal and mixed, of every kind and description, for the benefit of its creditors. At that time Trimble was also appointed receiver of said bank for a similar purpose by the district court of Lake county. While the business and affairs of the Bank were thus in the hands of the assignee and receiver, the garnishee herein negotiated with Trimble a settlement of the indebtedness of the Pitkin County Bank to the Leadville Bank; in the matter of such settlement Trimble acted under and by the authority and direction of the court duly entered of record; and Langhorne by the express order of said court, actually paid to Trimble, as such assignee and receiver, the sum of $5,000 in full settlement of said indebtedness. The conclusion of the transaction is shown by the following receipt which was admitted in evidence on the trial in this proceeding without objection:

"$5,000.                Leadville, Colo., Dec. 14, 1886.

" Received from the Bank of Pitkin County, by hand of J. C. Langhorne, the sum of five thousand dollars in full settlement of overdraft of the said Pitkin County Bank to the Bank of Leadville to the amount of $7,005.60 and interest to date.                GEORGE W. TRIMBLE,
                        " Receiver and Assignee."

The evidence shows that at the time of negotiating and concluding the settlement as above stated, Langhorne expressly denied his liability. He testified that he would not have made the payment but for the fact that it was accepted in full settlement. The evidence was sufficient to show a *bona fide* controversy in respect to this alleged liability; so that the settlement and payment would undoubtedly have been a complete discharge and satisfaction of the debt, were it not that the appointment of the receiver has since been declared void. See *Jones v. Bank of Leadville*, 10 Colo. 464.

Conceding that Trimble acted without due authority, it is nevertheless admitted that the $5,000 was received by the Leadville Bank, and went to swell its assets—conceding that the order of the district court was void; nevertheless it appears that the bank not only received, but has thence hitherto retained the fruits of such order; it must therefore be held estopped to question the validity of the proceedings by which it obtained the money. See *Water Co. v. Middaugh*, 12 Colo. 434; also, *Arthur v. Israel*, 15 Colo. 152, and cases there cited. Since the Bank cannot maintain an action against Langhorne, how then can Jones hold him liable as garnishee of the Bank? In garnishment proceedings under our statute, the judgment creditor has the same remedy against the garnishee as the judgment debtor would have in an action on the same demand, and none other. See foregoing opinion by Chief Justice Hayt, and authorities there cited.

The judgment of the district court discharging the garnishee may also be sustained on another ground. The garnishee by an amendment to his answer pleaded the six years statute of limitations in bar of plaintiff's demand. To this plea there was no formal reply of a new promise, nor was evidence introduced upon the trial sufficient to have sustained a replication of a new promise, if the same had been duly pleaded.

The evidence clearly shows that the indebtedness of the Bank of Pitkin County to the Bank of Leadville accrued

prior to November 12, 1882. On that day the Pitkin County Bank closed its doors, and immediately transferred all its assets, including cash, accounts, books and papers, to the Bank of Leadville, and never afterwards engaged in business as a banking institution; nor did it afterwards contract any indebtedness to the Leadville bank. Not until January 4, 1889, was the writ of garnishment in this proceeding served upon Langhorne. This was more than six years after the indebtedness accrued. There was no evidence of any express promise by Langhorne to pay such indebtedness; nor was any circumstance shown in evidence from which a promise on his part to pay might be inferred.

It is true, that certain money realized from the assets of the Pitkin Bank was applied by the Leadville Bank as a credit upon the indebtedness due it from the Pitkin Bank. But the authority to make such application had its inception at the time the Pitkin Bank transferred its property to the Leadville Bank; so that if the crediting of such money be regarded as an act of payment by the Pitkin Bank, or of the members thereof, it was their act at the date of the transfer, as above stated, and not afterwards.

It is true, also, that Langhorne made the $5,000 payment, as above stated. But the circumstances under which the payment was made clearly rebut any inference of a new promise on his part to pay the residue.

In the absence of special legislation, the accepted doctrine is, that to overcome the plea of the statute of limitations in actions on simple contracts by an implied promise to be inferred from an acknowledgment, or from part payment, "the acknowledgment or part payment must be shown to have been voluntary, unconditional, by the proper person, to the proper person, and under circumstances consistent with an intention and promise on the part of the debtor to pay the particular debt so acknowledged or the residue thereof." See *Toothaker v. City of Boulder*, 13 Colo. 227, and authorities there cited.

The circumstances under which Langhorne paid the $5,000

certainly were not consistent with an intention or promise on his part to pay the residue of the indebtedness now claimed by the Bank of Leadville. The evidence clearly shows a contrary intention.

In my opinion the finding of the district court in favor of the garnishee was fully justified, and the judgment discharging him from liability must be affirmed.

*Affirmed.*

MR. JUSTICE GODDARD, having tried this cause in the district court, did not participate in the decision upon this review.