No. 12,137.

STATE OF COLORADO, GARNISHEE *v.* ELKINS, ET UX., FOR THE USE OF IRELAND.

Decided September 24, 1928.

Mr. William L. Boatright, Attorney General, Mr. Ralph L. Carr, Assistant, for plaintiff in error.

Mr. Grant L. Hudson, for defendant in error Ireland.

*En Banc.*

Mr. Justice Adams delivered the opinion of the court.

This is a controversy over the wages of Elkins, an employee of the military department of the state of Colorado. One Ireland had a money judgment against Elkins and wife before a justice of the peace, execution was issued thereon, garnishee summons issued and served on the auditor of state, who answered that nothing was due. Answer traversed, trial and judgment for Ireland against the state as garnishee. Appeal to county court, trial de novo, and judgment there same as in the justice court. The state, through the attorney general, assigns error and asks for a supersedeas. Ireland appears by counsel; no appearance by Elkins or his wife. The attorney general and counsel for Ireland join in a request for a final determination on the application for supersedeas.

Both before the justice of the peace, and in the county court, the case was tried on an agreed statement of facts, which reads as follows:

"The parties hereto stipulate and agree upon the following statement of facts:

"That the plaintiff recovered judgment against the defendants, Charles W. Elkins and his wife, December 3,

1927. On December 13th, execution was issued in the case, and based thereon a garnishee summons was issued naming the state of Colorado as garnishee, and served on the state auditor on the same day. The auditor of the state of Colorado made answer thereto on December 16, 1927, stating nothing owing to defendant, and on March 15, 1928, the plaintiff filed an affidavit traversing the facts set forth in said answer.

"That the defendant, Charles W. Elkins, was at all times herein mentioned a married man residing with his wife, and was an employee of the military department of the state of Colorado during the month of December, 1927, upon a salary of two hundred ($200.00) dollars per month, and at the date of the service of the garnishee summons on the state auditor, to wit, December 13, 1927, no payment had been made to defendant, or any other person, on account of December salary:

"That on December 9, 1927, the defendant, Charles W. Elkins, executed a written assignment to the American Industrial Bank for one hundred and five ($105.00) dollars of his salary for December, 1927, which was acknowledged before a notary public and recorded in the office of the county clerk and recorded in the City and County of Denver, December 9, 1927, in book 4126, page 583, of the records of said county. * * *

"That the wife of the defendant, Charles W. Elkins, did not sign said assignment or acknowledge the same before a notary public.

"It is further agreed that the wife of the defendant, Charles W. Elkins, was the person to whom the assignee paid the money in consideration of and upon the execution of the said assignment by her husband; that she caused the copy of the assignment to be delivered to Capt. Harry Tharp of the military department within ten days after the execution of the assignment and was advised of all the facts concerning the execution of the assignment, its recording and the delivery of a copy thereof to the state officers.

"That on December 20, 1927, and seven days after service of said garnishment summons the state paid to said Industrial Bank, as assignee, the sum of One Hundred and Five ($105.00) Dollars on account of salary earned by defendant from December 1, to December 20, 1927.

"That on the trial on said traverse in the justice court the garnishee relied upon the said assignment of wages as its defense in so paying the one hundred and five ($105.00) Dollars to said Bank as assignee of defendant."

The assignment referred to in the stipulation is endorsed: "The above assignment and order is hereby accepted. H. V. Tharp." The judgment was only for the amount of Elkins' salary earned to the time of the service of garnishment process on December 13.

1. The principal legal point involved is one of statutory construction. Counsel quote two sections of the statute, C. L. §§ 4251 and 4259, which read:

"4251. No assignment of his wages or salary by a married man, who shall be the head of a family residing in this state, shall be valid or enforceable without the consent of his wife, evidenced by her signature to said assignment executed and acknowledged before a notary public or other officer empowered to take acknowledgments of conveyances, and no wage-broker or person connected with him directly or indirectly shall be authorized to take any such acknowledgment."

"4259. No assignment of wages not already earned at the time of such assignment and no assignment of any sum to become due the assignor after the date of such assignment shall be valid, unless, if the assignor be a married man or woman and residing with a wife or husband, such wife or husband shall join in and shall sign such assignment."

Counsel for the execution creditor or garnishor, Ireland, contends that the assignment of Elkins' wages to the American Industrial Bank was absolutely void and

unenforceable for any purpose, because not executed and acknowledged by the wife, and that this statutory requirement having been disregarded, Elkins' earned and unpaid salary to December 13, 1927, was captured for Ireland by his garnishment process served on the state official on that date. In other words, the garnishor's contention is that his rights are now the same as if there had been no assignment or attempted assignment. This statement of Ireland's position also expresses the effect of the trial court's judgment in Ireland's favor.

Per contra, the attorney general claims that such judgment is erroneous; that the statute is for the wife's benefit; that it is available as a defense for her only; that the assignment is not void but only voidable, and voidable only by the wife, but not even voidable by her in this instance, because she assented to such assignment, and received and accepted the fruits thereof, and that this being so, the garnishor acquired no interest in the fund.

No objection or argument is made challenging the right to garnishee the wages of state employees under chapter 112, pages 374–376 of our 1927 Session Laws. Both sides assume the right exists in a proper case as in ordinary garnishments.

2. We must recognize certain fundamental principles of the law of garnishment. This law is statutory in its origin, and garnishment proceedings cannot be sustained if they go beyond the statute. *Rice v. American Nat. Bank,* 3 Colo. App. 81, 86, 31 Pac. 1024.

3. In the instant case, the issue between the state of Colorado and Ireland, was tendered by the answer of the auditor of state to the question propounded, and the traverse of such answer. The interrogatory was submitted under the authority of the statute relating to garnishments before justices of the peace. The first subsection of C. L. § 6121 reads: "Are you in any manner indebted to the defendant, C........ D........, either property or money, and is the same now due? If not due,

when is the same to become due? State fully all particulars." The case must be determined on the truth or falsity of the answer to this interrogatory. That the garnishee's liability to the execution creditor is measured by such garnishee's indebtedness to the *defendant,* is clearly indicated by the express wording of the statute, in particular, the subsection quoted, and the words "due and owing by him to the defendant," in § 6123. Other sections of the act bear the same construction. The general rule is that a garnishee is liable only when the defendant or judgment debtor might have maintained an action against such garnishee. *Jones v. Langhorne;* 19 Colo. 206, 34 Pac. 997; *Hallowell v. Leafgreen,* 3 Colo. App. 22, 25, 32 Pac. 79. As said in *Jones v. Langhorne, supra,* there is an exception in the case of fraudulent transfer of property, but the principle upon which the exception is based has no application to this case. The facts as stipulated contain no claim of fraud on the part of any one.

4. A garnishee cannot be placed in a worse condition by operation of the proceedings against him than he would be if the defendant were attempting to enforce his claim. *Day v. Bank of Del Norte,* 76 Colo. 223, 226, 230 Pac. 785; *Sauer v. Town of Nevadaville,* 14 Colo. 54, 23 Pac. 87; Drake on Attachment, § 462; *Jones v. Langhorne, supra.*

5. So far as the garnishee is concerned, its rights were not affected by the service of the garnishment process. It stands in every respect in the same position that it would have been had the suit been begun by its creditor. Caswell, J., in *Montgomery v. Whitehead,* 40 Colo. 320, 324, 90 Pac. 509.

6. If the judgment against the garnishee is good, it operates as a statutory assignment of the debt, and clothes the plaintiff with all the debtor's rights. *Id.* The rights and liabilities are to be determined as of the date of the garnishment. *Day v. Bank of Del Norte, supra.*

7. With the above principles in mind, the next inquiry presented is whether Elkins or his wife could have maintained an action for salary to December 13 against the state of Colorado. A negative answer must be returned. They do not question the assignment and could not, because a conspicuous and controlling feature of the case is that the wife has received the money, which bars her, and it was paid at her husband's request, which bars him. We think that the attorney general is right that the words "void" and "voidable" are sometimes used with grammatical abandonment to express the same idea, but which ever it be is of minor consequence here, because even if the assignment be regarded as void, we have held, and the rule is still good, that a party accepting and retaining money under a void order is estopped to question the manner in which it was obtained, and this rule may be invoked by a garnishee. *Jones v. Langhorne, supra; Tabor v. Bank of Leadville,* 35 Colo. 1, 12, 83 Pac. 1060. It follows that the answer of the garnishee that nothing was due defendants, was correct, and that the judgment against the garnishee predicated upon a contrary assumption was wrong.

8. The sections of the statutes which require the consent of the wife to an assignment of the husband's wages, are designed to secure to the wife her rightful share in the fruits of his labor. They are for the protection of the home. It would be incongruous to permit a creditor to array himself in feminine adornments through the medium of such laws, and assume the role of the wife for the avowed purpose of seizing her husband's pay check. The statutes must be construed to carry their beneficent purposes into effect, and not to defeat them. The ones in question are for the wife's benefit, and she got the money, through the bank, before the rights of the creditor attached. The wages, thus having reached the haven intended by statute, were not subject to garnishment

process on plaintiff's excuse that such wages were not taken home by the conventional route.

The judgment is reversed with directions to discharge the garnishee.

Mr. Justice Burke not participating.