In re the MARRIAGE OF Stephen
V. LIPIRA,

and

Leonora K. Lipira, Appellee,

and

Patsy Lipira and Mitchell Benedict III,
Intervening Third-Parties-Appellants.

No. 80CA0420.

Colorado Court of Appeals,
Div. I.

Dec. 18, 1980.

Bayer, McLean, Carey & McGee. P. C., Gary L. Palumbo, Denver, for appellee Leonora K. Lipira.

Mitchell Benedict, III, Denver, for intervening third-parties-appellants.

COYTE, Judge.

Appellants appeal from the judgment of the trial court giving an attachment creditor priority over their claim. We affirm.

Stephen V. Lipira and Leonora K. Lipira were formerly husband and wife. In their dissolution of marriage proceedings, husband agreed to pay wife certain amounts. When these payments were not made, wife obtained a judgment against husband.

In the meantime, husband had remarried and his new wife was killed in an accident for which he asserted the City of Thornton was at fault. He filed suit against the city, and on October 3, 1979, he executed the following assignment:

"For valuable consideration receipt of which is hereby acknowledged, Stephen V. Lipira hereby assigns to Mitchell Benedict III and Patsy Ann Lipira all his right, title and interest in and to the proceeds due to him from the settlement of the above captioned matter."

On October 4, 1979, Stephen V. Lipira's attorney wrote to the attorneys for the City's insurance company, agreeing to accept the sum of $10,000 provided certain contingencies were met.

On October 8, 1979, Leonora K. Lipira caused a writ of garnishment to be served upon the City of Thornton which replied that it, through its insurance carrier, was committed to pay Stephen V. Lipira $10,000 for compromise settlement of his claim as soon as he signed a release and stipulation for dismissal of the suit.

In the order determining that the settlement was subject to garnishment, the court stated that the settlement in question was only a tentative agreement and that no binding contract existed between Lipira and the City.

The sole question on appeal is whether such settlement may be assigned.

*Restatement of Contracts* § 154(2) states:

"An assignment of a right expected to arise under a contract . . . not then existing is operative only as a promise by the assignor to assign the right and an authorization to the assignee to enforce it, but neither imposes a duty upon the obligor or precludes garnishment by the obligees creditors."

*See also City and County of Denver v. Jones,* 85 Colo. 212, 274 P. 924 (1929).

Here, neither on October 4 nor on October 8, had the agreement between Stephen V. Lipira and the City been consummated. Thus, the assignment of his rights therein was operative only as a promise by Stephen V. Lipira to assign his rights to appellants and an authorization to them to enforce that promise. An assignee takes only as good a claim as the assignor had. *McCormick v. Diamond Shamrock Corp.,* 175 Colo. 406, 487 P.2d 1333 (1971). Hence, the assignment did not divest Stephen V. Lipira of the right to the settlement proceeds, but rather merely obligated him to pay the proceeds over to the assignees.

Since the City was neither a party to, nor was there a provision in the settlement agreement which obligated the garnishee to honor the assignment, and because the writ of garnishment impounded funds due Lipira from the City when the settlement documents were executed, *see* C.R.C.P. 103(h), the garnishment proceedings were effective so as to take precedence over the assignment and to attach the amount owed by Stephen V. Lipira on the judgment of Leonora K. Lipira against him.

Judgment affirmed.

PIERCE and RULAND, JJ., concur.