In re the MARRIAGE OF Jacob FLOHR, Petitioner-Appellee,

and

Marie Flohr, Respondent,

and concerning

The Empire Savings, Building and Loan Association, a Colorado Corporation, Garnishee-Appellant.

No. 83CA0135.

Colorado Court of Appeals, Div. I.

Oct. 20, 1983.

William H. Prendergast, Lakewood, for petitioner-appellee.

Pamela McClune, Denver, for garnishee-appellant.

ENOCH, Chief Judge.

In this garnishment proceeding, garnishee, Empire Savings and Loan, seeks a reversal of the trial court judgment entered in favor of Jacob Flohr, garnishor. We affirm.

Jacob Flohr sought to enforce a judgment obtained against Marie Flohr by serving a writ of garnishment on Empire. At the time the writ was served on Empire, Marie Flohr had a revocable savings account trust with Empire, which had been in existence before Jacob Flohr became a creditor. This account was of the type known as a Totten Trust; Marie Flohr was trustee, and she had reserved to herself the right to withdraw any or all of the funds at any time. Her son was named as beneficiary.

Empire responded to the writ of garnishment by stating that Marie Flohr was trustee of the trust account, and that the trust funds were not subject to garnishment. Jacob Flohr traversed Empire's response. Subsequently, but before trial, Empire allowed Marie Flohr to withdraw all of the funds in the account. The court concluded that Empire was liable to Jacob Flohr in the amount of $6,200, the amount in the trust account at the time of service of the writ of garnishment.

I.

We must first consider Jacob Flohr's contention that this court does not have jurisdiction to hear this appeal because Empire failed to file a sufficient memorandum brief in support of its motion for new trial. We disagree.

The requirement of a memorandum brief is for the benefit of the trial court in its review of its determination of the case. Where, as here, the trial court obviously considered the brief to be sufficient and considered the brief in its ruling on the motion, the brief has fulfilled its purpose as intended by the rules of procedure. Thus, this court does have jurisdiction, and the judgment is properly before the court for review. *See L.C. Fulenwider, Inc. v. Ginsberg,* 36 Colo.App. 246, 539 P.2d 1320 (1975).

II.

Empire contends that it is not liable to a depositor's judgment creditor on a writ of garnishment if, with no knowledge of any fraudulent intent by the depositor, it does not withhold, for the benefit of the garnishor, funds which have been deposited in a revocable savings account trust. We disagree.

Empire's reliance on *Susman v. Exchange National Bank,* 117 Colo. 12, 183 P.2d 571 (1947), is misplaced. In that case, the funds that the creditor attempted to garnish were clearly owned by a third party, a principal,

not by the agent-debtor, even though deposited in the agent's account. Here, the funds were owned by Marie Flohr, and the beneficiary could not have claimed any interest in the account until her demise.

The general rule is, and we hold that, revocable savings account trusts (Totten Trusts) are subject to the claims of the settlor-trustee's creditors, regardless of the lack of any fraudulent intent on the part of the settlor-trustee in establishing the account. 1 *A. Scott, Law of Trusts* § 58.5 (3d ed. 1967); *Restatement (Second) of Trusts* § 58, comment d (1959); *Prestige Vacations, Inc. v. Kozak,* 471 F.Supp. 410 (N.D.Ohio 1979); *Vickers v. Lavine,* 56 A.D.2d 731, 392 N.Y.S.2d 753 (1977). Therefore, the trial court was correct in holding that the garnishee, Empire Savings, was liable for not withholding the funds of Marie Flohr on the writ of garnishment. *See City & County of Denver v. Jones,* 85 Colo. 212, 274 P. 924 (1929); C.R.C.P. 103.

Judgment affirmed.

STERNBERG and METZGER, JJ., concur.