## SAUER v. TOWN OF NEVADAVILLE.

1. GARNISHMENT — LEGAL STATUS OF GARNISHEE. — Under no circumstances shall a garnishee, by the operation of the proceedings against him, be placed in any worse condition than he would be in if the defendant's claim against him were enforced by the defendant himself.

2. MUNICIPAL CORPORATION AS GARNISHEE — WHAT MAY BE SHOWN IN DISCHARGE OF LIABILITY. — When an incorporated town is summoned as garnishee on account of salary due one of its officers, the town may show in discharge of its liability that the officer is a

collector of its taxes, and, as such, has received money of the town, which he insists upon retaining, equal to the amount of salary due him. It is not to be inferred, however, that the officer has a right to insist upon retaining money under such circumstances; for the right of election to treat money in the hands of a receiver of the public revenue as a simple contract debt or as a trust fund is with the municipality, and not with the collecting officer.

*Appeal from Gilpin County Court.*

Mr. W. F. FULLERTON, for appellant.

Mr. CHASE WITHROW, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The appellant, Otto Sauer, was plaintiff below. Having obtained judgment against James C. Bartle for the sum of $109.11 and costs, he served notice and sought to charge the incorporate town of Nevadaville as garnishee of the defendant Bartle. The town answered to the effect that Bartle held the office of marshal of said town, and that $80 on account of salary was due him about the time of the garnishment, but that, by virtue of his office, Bartle had at the time in his hands certain money belonging to the town which he had collected as taxes, amounting to $91; that there was no contract or arrangement between the town and Bartle by which he could pay himself out of the money so collected, but that the town knew he had been accustomed to use such money by way of salary before, and had never objected to it; that immediately after the garnishment Bartle had notified the town that he would hold the money in his hands to the extent of his monthly salary; and so it is alleged that the town was not and is not indebted to the defendant Bartle in any sum of money whatever.

Upon the hearing between the plaintiff and the garnishee it was admitted that Nevadaville was a duly incorporated town of Gilpin county, Colo., and also that

the ordinances of the town provide: "That the town treasurer of said town shall disburse the town funds, only upon the warrants of the town recorder, countersigned by the mayor of the board of trustees." "The town marshal shall, before entering upon the duties of his office, execute his bond to the town of Nevadaville, with two sureties, to be approved by the board of trustees, in the sum of $300, conditioned that he will faithfully and impartially discharge the duties of his office as required by ordinance or by the laws of Colorado; and he will, as often as once in thirty days, and on Saturday preceding the regular monthly meeting of the board of trustees, pay to the town treasurer all moneys by him collected from fines, penalties or other sources, and belonging to said town; and that he will, at the expiration of his term of office, turn over to his successor in office all books, papers and other property belonging to said town, as soon as he shall be elected and qualified."

The matter being submitted upon the answer and admissions aforesaid, the court rendered judgment discharging the garnishee. The plaintiff appeals under the act of 1885.

Under the statute in force at the time this case was tried in the court below, every municipal corporation was subject to the process of garnishment. It is unnecessary to consider whether or not the salary due an officer of an incorporated town could have been taken by such process, for the reason that the liability of Bartle was one for which the town could have maintained an action against him for money had and received to its use. So, also, in an action by Bartle against the town for the $80 due him on account of salary, the $91 which he had received by the collection of taxes would be a proper set-off; hence it is a good defense in favor of the town as garnishee. It must not be inferred from this that the converse of this proposition can be maintained; for in an action by the town to compel Bartle to pay over

the money he had collected as taxes, and held in trust for the town, he might not be entitled to set off the amount due him on account of salary. The right of election to treat money in the hands of a receiver of the public revenue as a simple contract debt or as a trust fund is with the municipality, and not with the collecting officer. Code 1883, § 104; Gen. St. § 1561; Drake, Attachm. § 683 *et seq.;* Wade, Attachm. § 447; *Donelson v. Inhabitants of Colerain,* 4 Metc. 430; *City of New Orleans v. Finnerty,* 27 La. Ann. 681; *Lewis v. Dubose,* 29 Ala. 219.

"It is an invariable rule," says Drake, Attachm. § 462, "that under no circumstances shall a garnishee, by the operation of the proceedings against him, be placed in any worse condition than he would be if the defendant's claim against him were enforced by the defendant himself." The reasonableness of this rule and its application to the present case are apparent. It would certainly be a great hardship if the town could, by reason of a controversy between plaintiff and defendant in which it has no interest, be subjected to a liability to the former, to whom it is under no obligation whatever greater than it is under to the latter, with whom it is in direct privity.

It is urged by counsel for appellant that the town should be compelled to pay over the $80 to plaintiff, and then resort to an action against the marshal and his sureties to recover the $91. This would impose the burden, expense and uncertainty of litigation upon the garnishee, besides causing the sureties of the marshal to suffer unnecessarily. The obligation of their bond is to secure the town from loss on account of the official misconduct of their principal; they did not undertake that he should pay his debts to other people.

It follows from the foregoing that any defense which the town of Nevadaville could successfully interpose as a bar to an action by Bartle for his salary is equally available against the plaintiff as an answer to the process

of garnishment. Since the amount in the hands of Bartle exceeded his claim for salary, the answer setting forth these facts was sufficient to defeat the garnishment. The judgment of the county court discharging the garnishee was therefore correct, and it is accordingly affirmed.

*Affirmed.*