Reed, P. J.,
delivered the opinion of the court.
On the 11th day of November, 1887, appellants were indebted for lumber to M. C. Jackson in the sum of $955. One Samuel J. Levy brought suit by attachment against Jackson before a justice of the peace and garnisheed appellants, who answered they were not indebted. The answer was traversed, and it would seem that a trial was had, resulting in a judgment for the garnishees. An appeal was taken to the county court and a trial had as to the liability of the *462 garnishees; a finding against them and judgment for the sum of $192.40, which, together with the costs, amounted to $215.65, was fully paid by appellants March 14, 1888.
Jackson assigned his claim of $955 against appellants to appellee, who, on May 9, 1885, brought suit for the same against the appellants, who upon the trial made proof of the judgment and the payment of the same as garnishees in the case of Levy v. Jackson. By the record of the last named case it was shown that Jackson was never served with process, and that no judgment was obtained or entered against him.
The court in the present case held, in effect, that no judgment having been obtained against Jackson, no valid judgment could.have been had.against appellants as garnishees; that the payment of the judgment by them was voluntary, and refused to allow the sum as a set-off against the claim of appellee, and gave him judgment for the entire sum found to have been due from appellants to Jackson. The regularity of that judgment is unquestioned, except in so far as the court refused to allow the set-off. The only question presented upon this appeal is whether the judgment of the court in refusing the set-off was erroneous.
The only authority cited by counsel for appellant in support of his contention is section 182, Civil Code, which is: “ The judgment against a garnishee shall acquit him from all demands by the defendant for all goods, effects, and credits paid, delivered or accounted for by the garnishee by force of such judgment;” and it is regarded as conclusive. ' If we could so regard it, and thus summarily dispose of the case, it .would save some labor. By section 118, Civil Code, providing for the proceedings by garnishment, it is said that such proceeding is “for the security of any judgment the plaintiff . may recover in such action against the defendant.” It is a self-evident proposition that there can be no security without a principal, and no second judgment as security for the payment of a judgment that has no existence. Consequently, giving both sections of the code full consideration, the second *463 and only question is whether it was the duty of the garnishee to ascertain whether or not there was a judgment against the defendant before submitting to judgment and paying the money, and in this solution we are not aided by counsel for appellee, who contents himself with citing only the opinion of the court in support of itself, when it is said, “ that until a judgment was rendered against the defendant none could be rendered against the garnishee, when the judgment against the garnishee and its satisfaction was of record in the same court.” As there was no judgment against the defendant, the money could not have been paid over and must have remained in the court. What garnishees required was • a credit of the amount paid on the judgment obtained by appellee. The same court could not consistently say it had entered up and collected a void judgment, but it having been void the court would retain the money and require garnishee to pay it the second time.
Section 132 of the Civil Code taken in connection with section 118 can only be construed as an acquittance to the garnishee, when the judgment against him is valid.
The proceeding by garnishment, though an independent suit, is auxiliary to the main suit, and the judgment hypothetical when taken in advance of a judgment in the main suit. It is dependent upon a judgment subsequently obtained, and when the principal judgment has been obtained the validity of the judgment against the garnishee depends upon the validity of the judgment against the defendant. In the language of section 118, Civil Code, the judgment against the garnishee is only “security of any judgment the plaintiff may recover in such action against the defendant.”
“ As the whole object of garnishment is to reach effects or credits in the garnishee’s hands, so as to subject them to the payment of such judgment as the plaintiff nmy recover against the defendant, it results necessarily that there can be no judgment against the garnishee until judgment against the defendant shall have been recovered.” Drake on Attach., sec. 460; Washburn v. N. Y. & V. M. Co., 41 Vt. 50; Withus v. *464 Fuller, 30 Gratt. (Va.) 547; Railroad v. Todd, 11 Heisk. (Tenn.) 549.
“ He (the garnishee) is held chargeable if the plaintiff should make out his main case. The decree, though literally positive and free from all contingency, is qualified by law so as to render it dependent upon the principal judgment.”
“The plaintiff’s right of action, the effectiveness of the judgment, and the protection of the garnishee from subsequent attack after payment under judgment, depend upon the principal action; its rightful institution, rightful judgment thereon and rightful execution of the judgment.” Waples on Attach., 344-347 ; Lovejoy v. Albue, 33 Me. 414; Greene v. Tripp, 11 R. I. 424; Pierce v. Carlton, 12 Ill. 358 ; See also Waples on Attach., 382.
“ The judgment against the defendant must be a lawful and valid one; if it be void the judgment against the garnishee is also void.” Drake on Attach., sec. 450 and 696; Railroad v. Todd, supra; Woodfolk v. Whitworth, 5 Cald. 561; Malloy v. Burtis, 124 Pa. St. 161.
“ It is of the first importance, therefore, for the garnishee to see that the judgment against defendant was not only by a court with jurisdiction of the subject-matter, but that jurisdiction of the defendant, or of the property or credit, was obtained in the manner pointed out by the statute. Against a judgment sought against himself, which is based upon a void judgment against the defendant, he must defend to the last, and is ordinarily compelled to defend alone.” Wade on Attach., sec. 399; Laidlaw v. Morrow, 44 Mich. 547; Noble v. Thompson & Co., 79 Pa. St. 354.
“ When the garnishee pays a judgment against himself, which is based upon a judgment against defendant rendered without jurisdiction, he is not protected by such payment against a subsequent action brought by the principal defend-ant or other creditor.” Wade on Attach., 399; Laidlaw v. Morrow, supra.
When there is no judgment against the defendant, or a judgment that is void for want of jurisdiction, and the court *465 erroneously render judgment against the garnishee, it will not be binding on the defendant, who was not a party to the proceedings. Wade on Attach., sec. 399 ; Ray v. Bancus, 43 Barb. 310; Shurer v. Brainard, 29 Barb. 25.
After a careful review of the authorities, it seems clear that the law casts upon the garnishee the duty of knowing or ascertaining that there is a valid judgment against the defendants; not that he can intervene and defend in die principal suit, but so far as is necessary to protect himself in the auxiliary suit in which he is defendant, it follows that without jurisdiction of the defendant and a judgment against him, the judgment against the garnishees was void and that its paj’ment would not protect them against the assignee of Jackson. A court that would enter such a judgment and collect and retain the monej' and compel a litigation iu regard to it cannot be too severely criticised.
The amount paid was not technically and legally a set-off against the claim of appellee, as the court, correctly held, and the judgment must be affirmed.

Affirmed.