# SUPREME COURT

OF THE

# STATE OF COLORADO.

## September Term, 1905.

[No. 5017.]
[No. 2567 C. A.]

TABOR, EXECUTRIX, v. THE BANK OF LEADVILLE, TRIMBLE, GARNISHEE.

1. **Corporations—Stockholders—Principal and Agent.**

A mere stockholder of a corporation is not its agent, and cannot bind it by his own acts or by the acts of an attorney whom he employs.

2. **Judgments—Garnishment.**

In a proceeding of garnishment it is necessary for plaintiff to obtain a valid judgment against the principal defendant in order to charge the garnishee and the garnishee, at his peril, is bound to assert all jurisdictional defenses known to him in order to protect himself in case suit is brought against him by his original creditor.

3. **Judgments—Collateral Attack—Garnishment.**

The assertion by a garnishee of a jurisdictional defense to a judgment for which he is sought to be held is not a collateral but a direct attack upon the judgment.

4.  Corporations—Stockholders—Judgments—Garnishment.

In an action against a corporation where service was had upon a stockholder and the stockholder had no special authority from the corporation to employ counsel for the corporation or by himself, or through an attorney to confess judgment, a judgment entered against the corporation upon the stipulation of an attorney employed by such stockholder is void and a garnishee sought to be held for such judgment may set up its invalidity as a defense.

5.  Garnishment—Set-off.

A garnishee may plead as a defense or set-off whatever he might have pleaded were the suit directly against him by his own creditor.

6.  Garnishment—Void Receivership—Compensation of Receiver —Set-off.

Where at the request of a bank a receiver was appointed for its assets and under such appointment and with the consent and approval of the bank said receiver took possession of and administered the assets of the bank such receiver was entitled to compensation for his services from the bank, although the order appointing the receiver was void and the court was not authorized to make an allowance to such receiver for compensation, and in a garnishment proceeding against said receiver to hold him liable for a judgment against the bank such receiver was entitled to plead as a defense or set-off the compensation due him by the bank.

*Appeal from the District Court of Arapahoe County: Hon. Samuel L. Carpenter, Judge.*

In 1889 plaintiff's testator brought an action in the district court of Arapahoe county against The Bank of Leadville, a domestic corporation doing a banking business in the city of Leadville, to recover the amount of various deposits made in and wrongfully withheld by the bank. The summons was served upon one of the bank's stockholders in the county of Arapahoe, who on the same or next day employed an attorney to represent the defendant in said action, and the attorney entered into a stipulation with plaintiff's attorney, before time for pleading expired, that judgment might be rendered against

defendant in the sum of $54,412. Upon this stipulation judgment was the next day after the complaint was filed rendered by the court against the defendant for the plaintiff, and on the same day execution was issued, afterwards returned *nulla bona,* and notice of garnishment served upon George W. Trimble, garnishee, and appellee herein.

To the interrogatories propounded, the first three of which were in the statutory form and three others which were deemed pertinent by the plaintiff, the garnishee made answer which, for the purposes of this review, may be summarized as consisting of: (1) a plea to the jurisdiction of the court; (2) a plea of the statute of limitations; (3) a defense that the garnishee at the time of service upon him did not have any property or effects or money of any kind in his possession belonging to the defendant; (4) an offset.

The plaintiff replied to these various answers or pleas, and upon the issues thus joined evidence was heard by the court without a jury and findings made in favor of the garnishee, upon which a judgment discharging him was rendered. From this judgment discharging the garnishee the plaintiff brings the case here by appeal.

To elucidate the different questions involved the material facts bearing upon what we consider the important questions of the case are recounted. In 1883 The Bank of Leadville, the defendant in the pending action, was insolvent. Its board of directors deemed it to be to the interest of its creditors to have a receiver appointed to take possession of its property and adjust its affairs, and to this end, at a special meeting of the board, a resolution was passed requesting the cashier to obtain the consent of Trimble, the garnishee in this action, to act as receiver, and then to make proper application to the

district court of Lake county for that purpose, and also instructed its cashier to assign the bank's property and assets to Trimble for the benefit of its creditors. In pursuance of this authority and for such purpose the cashier, in behalf of the bank, made the application and the garnishee herein was appointed receiver and accepted the appointment. The cashier also, in the name and under the seal of the bank, executed a written assignment to Trimble purporting to convey to him all the property and assets of the bank for the benefit of its creditors, and this deed was duly recorded. Possession of all the bank's property of every kind was taken by Trimble apparently as receiver and assignee and as trustee or agent of the bank, and in the course of years he proceeded to realize upon the assets, bringing a large number of suits for that purpose, and succeeded in thus collecting $69,264.61. In the receivership proceeding, and before the same was adjudged void, as hereinafter noted, various orders were made by the district court, among others one allowing the receiver, as compensation for his services and for expenses of administering the trust, the total sum of $24,123.68.

After Trimble was appointed receiver and the deed of assignment executed, and after he had so taken possession of the bank's assets, two actions were brought directly against The Bank of Leadville—one by Jones, the other by Breene—in which judgments were duly rendered, and attachments were sued out in aid thereof and Trimble was garnished thereunder. In the district court of Lake county, where the suits were begun and then pending, the garnishee was discharged, the court holding that Trimble's possession as receiver, antedating the levy of the writs, was superior to the lien of the attachment and garnishment. Upon review of the Jones case in this court, which was taken up as a test case,

the receivership was held void and the judgment of the district court in favor of the garnishee was reversed and the cause remanded with instructions to sustain the attachment and garnishment proceedings and to make the lien thereby acquired upon the bank's property in the garnishee's possession a first lien as against any rights claimed under the receivership. In pursuance of such instructions the district court proceeded with these cases, which involved the same question, and with the consent and approval of Jones and Breene, the defendant bank being a party and having an opportunity to be heard, rendered judgment against the garnishee in favor of the bank for the use of the plaintiffs Jones and Breene to the extent of the value of the bank's property which he held in his possession, less the amount of the demands which the garnishee claimed he was entitled to deduct from the defendant's property in his possession for his costs, expenses and attorneys' fees and compensation for his own services for reducing defendant's property and assets to money, which was for the same sum that was previously allowed him in the receivership proceeding. Trimble carried out the judgment by turning over to the sheriff, to be applied on the Jones and Breene judgments, this balance, thus ascertained, and thereupon was discharged from further liability to the bank. Jones and Breene, the judgment creditors, whose judgments aggregated about $100,000, thus received, to be applied thereon, the sum of $45,140.93, and expressly consented that the remainder of the property and money of the bank which the garnishee Trimble had in his possession, amounting to $24,123.68, should be retained by him out of which to pay the aforementioned demands which he claimed against the bank. We do not find that the bank gave its consent or made any objection. The amount thus re-

tained, together with that turned over to the sheriff to be applied upon the Jones and Breene judgments, included everything which the garnishee had received from the sale of the bank property, and covered all its assets which came into his possession. It is for this sum of $24,123.68 which plaintiff in this action claims judgment should have been rendered against the garnishee in the bank's favor for plaintiff's use.

Mr. PHILO B. TOLLES, Mr. THOMAS D. COBBEY and Mr. CHARLES H. BURTON, for appellant.

Mr. CHARLES CAVENDER, Mr. L. M. GODDARD and Mr. S. C. WARNER, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

1. This action was against a bank organized, as a corporation, under the laws of this state. Its business, so long as the same was prosecuted, was carried on exclusively in Lake county, Colorado. This action was begun in the district court of Arapahoe county. The service of summons was made upon one of the bank's stockholders who was found in Arapahoe county. On the day of service or the one next succeeding this stockholder in such capacity employed a lawyer to represent the bank in the action, and this lawyer immediately entered into a stipulation with plaintiff's counsel which amounted to a compromise judgment against defendant for $54,412. The garnishee here claims that this judgment was void, and for that reason alone he should be discharged as garnishee, even though he have assets of defendant in his possession. It is said, first, that the service of process upon a stockholder, in the circumstances, was invalid; and, second, that as the result of a corrupt bargain with plaintiff the stockholder was induced to come from his own home into

Arapahoe county for the express purpose of having summons served upon him, and that, as the result of a like corrupt contract with the plaintiff, he wrongfully secured the stipulation to be made by the attorney for the entry of the judgment.

Plaintiff denies these charges, but we do not propose to consider them, if for no other reason than that the judgment is palpably void on other grounds. The service of the summons was made upon the stockholder as such; and in that capacity, without any authority from the president or cashier or any officer or director or authorized agent of the bank, he proceeded to employ counsel for the bank and directed him to stipulate for judgment. A mere stockholder of a corporation is not its agent, and cannot bind it by his own acts or by the acts of the attorney whom he employs.—*Union G. M. Co. v. R. M. Bank,* 2 Colo. 565; 10 Cyc. 760, 936.

But the plaintiff says that, in the very action, the court which rendered the judgment on the stipulation had authority to determine and as a matter of law did favorably pass upon the authority of the attorney to make such a stipulation and give his consent in the name of the bank for the entry of the judgment, and such declaration is conclusive upon the garnishee. Our court of appeals in *Everett v. Conn. Mut. L. Ins. Co.,* 4 Colo. App. 509, held that it is necessary for a plaintiff to obtain a valid judgment against the principal defendant in order to charge the garnishee; and it is further therein held, in accordance with what we consider to be the law, that the garnishee at his peril is bound to assert all jurisdictional defenses in order to protect himself in case suit is brought against him by his original creditor. The assertion of such defenses by a garnishee is not a collateral attack upon the judgment against the defendant. It is a direct attack which he is permitted

to make in the action in which he is sought to be held, and if he neglects to assert jurisdictional defects in the judgment against his creditor which are known to him he does so at his peril, and a judgment rendered against him as a result of a failure to assert them will be no protection to him in case the defendant subsequently brings action against him upon the same demand.

The garnishee therefore in this action is in a position to and he did assert the jurisdictional defect in the judgment obtained against the defendant in this action. He was aware of it, and so pleaded it. Since a stockholder has no inherent authority to act as agent of his corporation or to employ counsel to stipulate for judgment against it, and it appearing here that the stockholder had no special authority from the bank either to employ counsel, or by himself or through the attorney to confess judgment, we hold that the judgment entered upon the stipulation is, as against the defendant and this garnishee, entirely void. For this reason also the judgment below discharging the garnishee may be upheld.—9 Enc. Pl. & Pr. 810 et seq.; *McPhee v. Gomer,* 6 Colo. App. 461.

2. But there is another reason, based upon the merits, why the garnishee should not be held. The receivership proceeding in which an award to the present garnishee was made of the same sum which plaintiff claims here was declared void by this court.—*Jones v. Bank of Leadville,* 10 Colo. 464. We may concede, for our present purpose, that the allowance therein made to the receiver (garnishee here) was also void. It may be that the assignment by the bank to Trimble was voidable, and that he took no steps thereunder. The garnishee, it is true, relies in part upon allowances in his favor in the proceedings referred to. He also insists on his demand against defendant for compensation and dis-

bursement, irrespective of the former judgment therefor in his favor.  We shall assume but not decide that the plaintiff in this action is not bound or affected by the assignment or by any order or judgment in Trimble's favor made in the receivership or in the Jones or Breene cases.  We therefore proceed with this case as though the garnishee had in his possession when served with process in this action $24,123.68 which belonged to the defendant unaffected by any previous allowance.

By section 130 of the attachment and garnishment act of the Civil Code the garnishee is allowed to retain or deduct out of the property or credits of the defendant in his hands all demands against the defendant of which he could have availed himself had he not been summoned as garnishee, and this court has ruled that the garnishee may plead as a defense or set-off whatever he might have pleaded were the suit directly against him by his own creditor.—*Sauer v. Town of Nevadaville,* 14 Colo. 54. In the opinion in that case was cited with approval § 462 of Drake on Attachments, where the learned author says that under no circumstances shall a garnishee, by the operation of the proceedings against him, be placed in any worse condition than he would be if the defendant's claim against him were enforced by the defendant himself.

See also 14 Am. & Eng. Ency. of Law (2d ed.) 845 et seq.  This is the rule in the absence of fraud, and no question of fraud is here involved.

The garnishee's liability in this action therefore is precisely what it would be were he defending against an action brought directly against him by the bank to recover upon the claim made here against him by the plaintiff.  It is the plaintiff's contention that because the receivership and assignment were void as to the bank's creditors and because the pos-

session of the bank's property which Trimble took
and all of his acts with reference thereto were under
an invalid possession, he is not entitled to any
compensation for his own services or for disburse-
ments made by him in converting into money the
bank's property.

It is the law that where a receiver is appointed
without authority by a court the court making the
appointment has not the power and ought not to
award him in that proceeding compensation for his
services out of the trust property. It may be and has
been conceded that neither in the receivership pro-
ceeding nor under the assignment could the court
have made such allowances to Trimble. It is well set-
tled—and the plaintiff so concedes, but says the doc-
trine does not here apply—that in a proper action a
receiver thus appointed may recover compensation for
his services against the person responsible for his ap-
pointment.—*German Nat. Bank v. Best,* 32 Colo. 192.
In perfect good faith, and under the advice of counsel
and with the approval and order of the district court,
and at the direct instance and upon the petition of
the bank itself, Trimble took possession of its prop-
erty and administered its affairs. So far as his rights
are concerned, it makes no difference if the assign-
ment and receivership were void. All of his acts
with reference to the bank's property were done at
its instance and request and with its knowledge.

But plaintiff says that the meeting of the board
of directors of the bank at which were passed the
resolutions requesting Trimble to act as receiver
and assignee and to take possession thereunder and
administer its assets was illegal in that all of the
directors did not receive notice and all were not
present and participating. Not only for this reason,
but also because a receiver could not be appointed
upon the petition of the bank itself, counsel say it

follows as a matter of law that the bank itself was not responsible for and did not and could not secure Trimble's appointment.    Let us see what are the facts:

There were five directors of the bank, one of whom, the president, had permanently removed from and was not in the state at the time.    The evidence tends to show that the other four had notice of and that three were present at and participated in the meeting.    Three constituted a majority of the board, and of the three present one owned 490 of the 500 shares of the capital stock of the bank, and the other 10 shares were owned by the other two participating directors.    In addition to this, not only did the officers and directors of the bank stand by without protest or objection, but on the contrary gave their consent and approbation while Trimble proceeded for more than five years to give his services, employ counsel and clerical assistance in administering upon and collecting its assets.    $45,140.93 which Trimble collected of the bank's assets he turned over to the bank's judgment creditors under a valid order of the court in an action to which the bank itself was a party, without any objection or protest on its part or that of its managing officers.    Other indebtedness of the bank was also paid by Trimble in the same way.    In these circumstances therefore, especially since the bank has had the benefit of Trimble's services, it should be held accountable for a reasonable compensation for his own services and his expenditures.

This is not a case where, under its charter, the bank was acting *ultra vires*.    It may be and doubtless is true, and for the purposes of this case we have so assumed, that the bank did not through its officers properly exercise its power in securing the appointment of a receiver or in making the assignment.    But undoubtedly the bank had the power to make an as-

signment of its property for the benefit of creditors and to give Trimble possession of its assets for such purpose. Merely because it improperly exercised an undoubted power that it possessed does not constitute its act *ultra vires* in the sense that it can escape all liability therefor. Having apparently clothed Trimble, and as he believed, with the power to administer its assets, the bank, even though in the particular exercise of the power to that end it did not proceed regularly, must compensate him for his services, since it has reaped their benefits and must be held to have ratified the action.

This conclusion is clearly warranted by *Jones v. Langhorne,* 19 Colo. 206, particularly by the opinion on rehearing of Mr. Justice Elliott wherein he says, referring to the same void order of appointment as that involved here, that where it appears that the bank not only received but has hitherto retained the fruits of a void order it is held estopped to question the validity of the proceedings by which it obtained money.—5 Thompson on Corp., §§ 5975, 5978; Brice on Ultra Vires (3d ed.) 37 et seq.; 10 Cyc. 1068-1078.

In thus disposing of this case in favor of the garnishee upon two substantial grounds it has not been necessary to consider his plea of the statute of limitations and the offset asserted. It may be well to add that, in reciting as facts that which we think the record discloses, we have not overlooked plaintiff's contention that they are not in all respects as we have expressed them. But the stipulation which was entered into by counsel and used upon the trial constitutes a part of the bill of exceptions which the plaintiff herself has prepared. It therefore is binding upon her, and, together with the evidence which was produced, which is also embodied in the bill, tends to show the facts to be as we have outlined them, and

upholds the findings of the trial court upon which its judgment was founded.

The discussion of counsel as to the burden of proof we do not consider important, though the usual rule is that the burden of establishing the garnishee's liability rests upon the plaintiff. But here the preponderance of the uncontradicted evidence is so clearly in the garnishee's favor, not only as to the reasonableness of the amount claimed by him for allowances, but upon the other material issues in the case, that we deem the question of the burden of proof of no practical moment.

Because the plaintiff's judgment against the defendant is as to this garnishee void, and upon the merits the garnishee is entitled as against the bank and also as against the plaintiff to retain for his compensation the money of the bank which he had in his hands, the judgment of the court below, which so determined, is affirmed.          *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.