## No. 10,952.

### DAY *v.* BANK OF DEL NORTE.

Decided November 10, 1924.

Garnishment in aid of execution.    Judgment for garnishee.

*Affirmed.*

1.  GARNISHMENT—*Answer*—*Traverse.*   A traverse filed to the answer of the garnishee stating only conclusions of law and not facts, is insufficient.

2.      *Liability of Garnishee—Date.*   The rights and liabilities of a garnishee are to be determined as of the date of the garnishment, and not upon a state of facts that existed theretofore or thereafter.

3.      *Liability of Garnishee—Subsequent Loan to Debtor.*   An agreement by a garnishee to deduct from credits of the defendant in his possession a loan made to him after service of the garnishee summons, would be void.

4.      *Banks and Banking—Note not Due.*   Under section 147, Code of '21, a garnisheed bank may apply the amount on deposit to the credit of the debtor, to the payment of his note to it, although not due.

5.      *Liability of Garnishee.*   A garnishee cannot be placed in a worse condition by operation of the proceedings against him, than he would be if the defendant were attempting to enforce his claim.

*Error to the District Court of Rio Grande County, Hon. Jesse C. Wiley, Judge.*

Mr. E. O. PHLEGAR, for plaintiff in error.

Mr. W. SCOTT CARROLL, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

R. J. DAY, plaintiff in error, recovered a judgment in

the county court against one Thompson. Execution was placed in the hands of the sheriff and a garnishment summons was served on the defendant in error, the Bank of Del Norte. Garnishee filed its answer admitting that it had on deposit to the credit of the defendant Thompson the sum of $95.79, which it claimed the right to deduct and retain since the defendant was indebted to the bank in the sum of $1,050, evidenced by four promissory notes, no one of which was then due. Plaintiff traversed the answer, alleging that the bank was not entitled to retain or deduct out of the credits of the defendant the amount of this deposit, because the notes were not due. He filed an amended traverse alleging as another ground, without stating the facts so showing, that the garnishee had lost, abandoned or forfeited its right of deduction. As matter of law the first traverse was bad. The amended traverse stated only conclusions of law, and not facts, and for that reason was insufficient. Each was subject to demurrer and might have been stricken. But the trial was had as though an issue of fact was to be determined on evidence. At the trial there was but one witness, the president of the bank. The court found in favor of the plaintiff and rendered judgment accordingly. An appeal was taken to the district court by the garnishee and, upon the same evidence that was produced in the county court, the court found for the garnishee and upon the finding entered the appropriate judgment.

We think the county court was wrong and the district court was right. Section 147 of our Code of Civil Procedure, C. L. 1921, p. 131, gives to the garnishee the right to retain or deduct out of credits of the defendant in his hands all demands against the defendant of which the garnishee could have availed himself if he had not been summoned as garnishee, whether the same are at the time due or not, and the garnishee shall be liable for the balance, only after all mutual demands between himself and defendant are adjusted. The evidence is uncontradicted that at the time of the service of the garnishment sum-

mons, the defendant Thompson was indebted to the garnishee in the sum of $1,050, against which the garnishee claimed the right to deduct the amount of his deposit. The plaintiff seeks to escape the effect of this section upon the strength of testimony on cross-examination by the garnishee's president, to the admission of which it seems the attorney for the bank objected, that after the garnishment summons was served the bank lent to Thompson, who was one of its customers whom it was then carrying, in conducting his farming operations, additional sums of money included in which was a temporary loan of $100; and that had it not been for the service of the garnishment writ, the bank probably would have applied the amount of the deposit to this temporary loan instead of to the original loan aggregating $1,050, from which loan in its answer to the garnishee summons the bank claimed the right of deduction.

The rights and liabilities of the garnishee are to be determined as of the date of the garnishment and not upon a state of facts that existed theretofore or thereafter. We do not read the testimony of the bank president or interpret it as does counsel for the plaintiff. Even assuming that the testimony, as to what took place after the service of the garnishment writ, was admissible for any purpose, it did not prove, as claimed by the plaintiff, that the garnishee thereby was obliged to apply the amount of the deposit on a subsequent loan. Indeed, an agreement by a garnishee to apply upon or deduct from credits of the defendant in his possession, a loan made by him to the defendant after service of the writ would be void and could not be enforced by any party thereto. A deduction or retention by the garnishee of any effects or credits of the defendant in his possession could be made only from a loan in existence at the time of service. To compel a garnishee, as in effect demanded by the plaintiff, to make a deduction from a subsequent loan would be equivalent to holding that an agreement, void under a statute, is enforcible. Had not the garnishment summons been served,

the bank president might or might not have applied it to a subsequent loan. The president's testimony rightly construed is merely that as between the defendant and the garnishee the latter, if it could lawfully do so, or if the attachment garnishment was discharged, or if it did not operate as a deterrent, the bank would be at liberty to apply defendant's deposit in the bank to either of the defendant's bank loans. There is nothing in the testimony which takes away the statutory right of the bank to apply this deposit to the amount of the defendant's indebtedness to it, which existed, although not due, at the time of the service of the writ. Plaintiff's counsel himself says that the rights and liabilities of the parties are to be determined as of the date of service of the writ. This rule applies to the plaintiff as well as to the defendant and the garnishee.

But, as stated already, the attempt by plaintiff to escape the effect of section 147, supra, by the alleged agreement with the defendant, is not sustained by the evidence. The district court, we must presume, found from the evidence, as it might well have done, that the garnishee made no such agreement, and had not lost or abandoned or waived its statutory right to apply the defendant's deposit as asserted in its answer. And this is so both because of insufficient evidence of the fact of such agreement, and if made, as the plaintiff claims, it would be void. In *Sauer v. Town of Nevadaville,* 14 Colo. 54, 23 Pac. 87, we quoted with approval from Drake on Attachment, § 462: "It is an invariable rule, that under no circumstances shall a garnishee, by the operation of the proceedings against him, be placed in any worse condition than he would be if the defendant's claim against him were enforced by the defendant himself."

The judgment is affirmed.

Mr. Chief Justice Teller and Mr. Justice Sheafor concur.