No. 15,016.

KINZIE *v.* ALEXANDER; COUNTY OF SEDGWICK, GARNISHEE.
(120 P. [2d] 194)

Decided December 1, 1941.

Mr. CLARK W. KINZIE, pro se.

Mr. G. E. HENDRICKS, for defendant in error, County of Sedgwick.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE parties to this proceeding are here in the same relative positions in which they appeared in the court below, and reference will be made to them in this opinion as plaintiff, defendant, and garnishee respectively. Plaintiff recovered judgment against defendant, who was county treasurer of Sedgwick county, in a justice of the peace court in that county. An execution on the judgment was issued by the justice of the peace and the board of county commissioners was garnisheed thereunder. The chairman of the board answered the garnishee summons, stating, that the defendant "does not have any fees or salary due him that are under the control of the board of county commissioners." Plaintiff filed his traverse to the answer of the garnishee with the justice of the peace. The latter's docket shows the following proceedings when the matter came on for hearing on the traverse: "Now on this 6th day of May, 1941, at 2:00 P. M. this case comes on regularly for hearing. The Plaintiff being present and the Defendant, The Board of County Commissioners, by their attorney, G. E. Hendricks being present, the court proceeds to hear cause. G. H. Austin, Martin Sorensen and Mr. Lunsford were duly sworn and testified and after a lengthy discussion by both parties and this court being unable to decide the issue which seems to be a point of law, it is

agreed by stipulation of both parties that this case be and the same is hereby transcribed [transferred] to the District Court."

Thereafter the parties agreed on a written statement of facts, which, with the stipulation mentioned above together with a transcript of the justice's docket, were filed in the district court. Thereafter upon consideration on the merits the district court entered a formal judgment discharging the garnishee and dismissing the proceedings. Plaintiff here seeks a review of that judgment.

■ In view of the unorthodox method by which this controversy reached the district court, there being no constitutional provision, statute or court rule, authorizing the procedure adopted, we might be justified, sua sponte, in holding that jurisdiction could not be conferred in the manner attempted, and remanding the cause to the district court with directions to retransfer the same to the justice court. See, *Morse v. People,* 43 Colo. 118, 95 Pac. 285, and *Molandin v. Colorado Central Railroad Co.,* 3 Colo. 173. However, in view of the fact that this point is not raised by either party, and to the end that the particular matter involved in this review will not have to be relitigated, we shall consider the cause as if the district court had properly acquired jurisdiction.

■ Inter alia, it was stipulated, that during the period involved herein, "F. L. Alexander has not filed any claim with the Board of County Commissioners for his salary or otherwise, but that he has during all of the said time taken his salary from the fees, perquisites and emoluments of his said office." As justifying his conduct in such method of the collection of his salary as treasurer, defendant relies upon section 15, article XIV of the Constitution. In support of his assertion of the illegality of such practice, plaintiff cites sections 73 and 102, chapter 66, and section 142, chapter 45, '35 C.S.A., and section 8, article XIV of the Constitution. In our opinion, as was

the view of the trial court, under the agreed facts, the question as to whether the procedure by which the defendant drew his salary, was legal or illegal is immaterial. It is conceded that in fact, as above set forth, defendant, rightly or wrongly, retained his salary from the receipts of his office before any of the same were turned over and made a part of the regular county funds. Thus, it is certain that at the time of the service of the garnishee summons, defendant, having already received his salary, could not successfully have maintained an action against the county therefor. It is elementary that in garnishment proceedings the garnishee is not chargeable unless the debtor involved could recover from him in his own name and for his own use that which the judgment creditor seeks to secure by garnishment. *Green v. Green,* 108 Colo. 10, 113 P. (2d) 427. Since, as has been pointed out, the county was in no manner indebted to defendant, no enforceable claim against it could attach by the attempted garnishment. See, also, *Sauer v. Nevadaville,* 14 Colo. 54, 23 Pac. 87; *Jones v. Langhorne,* 19 Colo. 206, 34 Pac. 997; *Fleming v. Baxter,* 20 Colo. 238, 38 Pac. 57; *Tabor v. Bank of Leadville,* 35 Colo. 1, 83 Pac. 1060; *Day v. Bank of Del Norte,* 76 Colo. 223, 230 Pac. 785.

The judgment is affirmed.