No. 16,179.

GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION *v.* MITCHELL ET AL.

(211 P. [2d] 551)

Decided November 7, 1949.

532

Mr. Frank L. Grant, Mr. Clarence L. Bartholic, for plaintiff in error.

Messrs. Stone, Rice & Mancini, for defendants in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

A writ of garnishment in an action entitled John Mitchell et al. v. Vernon L. Greathouse et al. was served upon the General Accident Fire and Life Assurance Corporation, Ltd., under which said corporation was required to answer certain interrogatories concerning its indebtedness to defendants, or either of them. In the answer to the interrogatories, filed by an agent of

the garnishee, all indebtedness to the defendants, or either of them, was specifically denied, and, in addition thereto, it was averred that on June 18, 1944, and for one full year thereafter, "it did have in full force and effect a certain automobile liability policy" issued to Vernon L. Greathouse, one of the defendants, covering a 1941 Chevrolet automobile; and, further, that under the terms of the policy it was not obligated to pay a judgment obtained against defendant Greathouse arising out of a certain automobile accident occurring on January 4, 1945, setting forth: "That the reason for the denial of said liability is because of an exclusion clause in said policy which provided that the policy of insurance on said Chevrolet did not apply 'to any accident arising out of the operation of an automobile repair shop, public garage, sales agency, service station or public parking place;' That the injuries and damages complained of and upon which judgments were had herein, were incurred while the defendant Greathouse was the agent and acting as the agent of the defendant Peterson, in the purchase for said Peterson of a 1941 Packard four door sedan, the title to which stood in the name of said Peterson, and while the said Greathouse as such agent, was driving said Packard in the City & County of Denver, on his way to deliver it to said Peterson, who was then and there engaged in the sale of trailers and used automobiles at Englewood, Colorado, and all of which facts were brought out and appear in the record of the testimony given during the trial of said actions." Attached to the answer was a copy of the policy referred to therein.

Plaintiffs traversed the garnishee answer in the following language: "1. Deny upon information and belief each and every allegation made and contained in the answers to the interrogatories contained in writ of garnishment filed herein. 2. That upon information and belief, the plaintiffs state that said exclusion clause referred to in the answer of the garnishee is not applicable

to the facts of the cases at bar. 3. That if said aforementioned exclusion clause is applicable in this matter, plaintiff's aver that said General Accident, Fire and Life Assurance Corporation, Limited, has waived such defense by entering an appearance by and through its attorney, Frank L. Grant, the same Frank L. Grant who has signed the interrogatories contained in the writ of garnishment as a duly authorized agent of said garnishee, and by defending the within causes of action in this honorable Court on behalf of said General Accident, Fire and Life Assurance Corporation Limited, filed herein."

The record indicates that after some argument by counsel the court sustained the traverse, whereupon, according to the record, a non-waiver agreement, signed by Greathouse, was offered in evidence, and the offer refused, counsel stating that the reason for the offer at that time was because there was no opportunity of doing so prior to the sustaining of the traverse. Whereupon the court stated, "Even then I think it would be a question of Mr. Greathouse being here. He might still want to contest that matter. Bring in Mr. Greathouse and let him testify what he intended when he signed that, and offer it as a *reply to the traverse,* in some way. But, as this matter came to me this afternoon I think I should sustain the traverse. If you think you are entitled to another hearing, we can set it down and hear it. That is, if you think you want to file something." (Italics ours)

The non-waiver referred to and which was offered by the garnishee and refused, reads:

"Denver, Colorado, March 14, 1945

"To the General Accident Fire & Life Assurance Corporation, Ltd.,
and
To the Caledonian Insurance Company

In the six suits brought against me by John Mitchell and members of his family in the District Court of the City

and County of Denver growing out of the accident of January 4th last, it is agreeable with me that you employ counsel to defend each of these suits in my behalf, with the understanding that by so doing you or either of you do not thereby waive or prejudice any of your rights which you may be entitled to claim under the combination policy issued to me, No. GC 504805, of date June 18th, 1944, upon my Chevrolet automobile.

Vernon L. Greathouse"

Subsequently the garnishee filed its motion to set aside and vacate the court's order sustaining the traverse, and therein sought to excuse its failure to include the non-waiver agreement in its answer. Plaintiffs' attorney filed a motion to strike garnishee's motion to vacate, but no ruling thereon or order with reference thereto appears in the record, and, consequently, it may be disregarded. Subsequently, however, a hearing was had on the garnishee's motion to set aside the order of court sustaining the traverse to answer of garnishee, and Mr. Grant, attorney for the garnishee, then sought to explain the circumstances under which the non-waiver agreement was obtained, notwithstanding which, the court entered an order denying garnishee's motion to set aside and vacate, and in this connection stated:

"I would like the record to show that the motion would be overruled, and the prior action and order of the court sustaining the traverse reaffirmed even though, at the time of the hearing on the traverse, the waiver, so-called, by the policy holder had been before the court and the signature there had been admitted to be his and genuine. In brief, the ruling of the court is that the purported waiver, Exhibit A to the motion, is insufficient and wholly impotent to enable the insurance company to escape liability *under the facts and circumstances prevailing here.*

"As to the offer of the insurance company to introduce evidence explaining why the waiver was signed, or attempting to show that at that time the insured was

fully advised of the claim of non-liability, I think that offer comes too late. It seems to me that even if that were admitted, for this waiver to have any legal effect whatever it should have contained definite and specific statements as to what claim of non-liability the company expected to assert in future. As it stands now in this record, it would not avail the company as a defense in an action brought by Vernon L. Greathouse himself against the insurance company." (Italics ours)

.Thereupon the court entered judgment in favor of Vernon L. Greathouse against the General Accident Fire and Life Assurance Corporation, Ltd., for the use and benefit of all of the plaintiffs in this action pro rata for the sum of $10,000, which judgment was subsequently modified and reduced to the sum of $9,500.

There are six points of error specified, all of which directly or indirectly challenge the validity of the judgment entered against the garnishee without a trial determining the issues raised by the answer and the traverse.

It should be remembered that no testimony whatever was presented by either the plaintiffs or garnishee, and the only issue triable was that presented by the answer of the garnishee with the insurance policy thereto attached and the traverse thereto. It also is to be remembered that the garnishee tendered its so-called waiver agreement with Greathouse, to which some consideration —although it was not admitted in evidence— was given by the court. The answers of the garnishee were all negative, some of them being fortified by the insurance policy attached thereto.

In the first ground of the traverse, plaintiffs, on information and belief, deny every allegation in the answer to the interrogatories; consequently this is a denial of garnishee's allegation that the injuries and damages sustained by the plaintiffs in the action were incurred while the defendant Greathouse was acting in the capacity of agent of a codefendant Peterson, who was engaged, it is

alleged, in a business within the exclusion clause of the policy. It was in fact a denial that the policy attached to the interrogatories was issued by the garnishee to defendant Greathouse, and that the same was in force and effect at the time of the injuries and damages of which the plaintiffs complain, and this presented a triable issue, assuming, without determining, that the denial on information and belief, under the circumstances here, was a proper denial.

The second ground of traverse, also on information and belief, is that the exclusion clause referred to in the answer is not applicable to the facts of the cases at bar. Whether applicable or not, and upon the assumption that this presents an issue, evidence was necessary for the determination thereof.

In the third ground of the traverse plaintiffs assume the applicability of the exclusion clause; nevertheless it is averred that the garnishee has waived any defense thereunder by reason of the fact that its attorney signed the interrogatories as the duly authorized agent of the garnishee and defended the actions on behalf of the garnishee. By reference to the title of the cause here, we do not find that the garnishee was a party thereto, and, consequently, if the garnishee *did* appear as a party to the principal action, evidence of this fact would certainly be necessary to establish it.

Under rule 103, R.C.P., Colo., we find the provisions for garnishment, and the only pleadings therein provided are the garnishee's answer to interrogatories and the traverse thereto. In said rule, subsection (m), it is specifically provided that, "New matter in the reply [traverse] shall be taken as denied or avoided and judgment shall be entered upon the finding thereon."

The answer of the garnishee and the traverse of the plaintiffs are the only pleadings provided by our rules, and therein any new matter plead in the traverse is deemed to be denied or avoided. The answer of the garnishee and the traverse of the plaintiffs make up the

·issues in garnishment proceedings. *Jones v. Langhorne,* 19 Colo. 206, 34 Pac. 997.

■ It is a general rule that under no circumstances shall the garnishee, by operation of the proceedings against him, be placed in any worse position than he would be if the defendant sought to enforce a claim against him arising out of the same transaction. *Sauer v. Town of Nevadaville,* 14 Colo. 54, 23 Pac. 87; *Green v. Green,* 108 Colo. 10, 113 P. (2d) 427; *Kinzie v. Alexander,* 108 Colo. 534, 120 P. (2d) 194; Drake on Attachments (7th ed.), p. 407, §462; Waples on Attachment and Garnishment (2d ed.), p. 257, §357; 38 C.J.S., p. 393; 4 Am. Jur., p. 636, §134.

■ The burden of proof is upon the plaintiff to show a garnishable debt, as well as the amount of the garnishee's indebtedness to the defendant, and also that the garnishee has funds or property of the debtor in his hands subject to the demands of the plaintiff in the action and of such character that the defendant himself could compel the payment or delivery thereof in an action brought for that purpose. 38 C.J.S., p. 476, §228 (3); Waples on Attachment and Garnishment (2d ed.), p. 384, §542; 5 Am. Jur., p. 226, §1033; *Tabor v. Bank of Leadville,* 35 Colo. 1, 83 Pac. 1060.

It is incumbent upon a plaintiff to establish, either by admissions in the garnishee's answer or by evidence aliunde, that the garnishee has, at the time of the service of garnishee summons upon him, funds or property in his possession or under his control which would be recoverable in an action by the defendant at the time of the service of the process in garnishment. *Fleming v. Baxter,* 20 Colo. 238, 38 Pac. 57.

■ The garnishment proceedings here under consideration are ancillary to the main action; consequently there should be no requirement of formal proof of the existence of a judgment against the defendant, particularly where the proceedings are in the same court and before the same trial judge, but there are no presump-

tions of liability against the garnishee unless the same appears by his answers to interrogatories or in some other proper manner; consequently the burden of proof is upon the plaintiffs in the garnishment proceedings to establish by a preponderance of the evidence all the facts upon which they rely to charge the garnishee. Rood on Garnishment, p. 462, §369. The same rules of evidence apply in garnishment proceedings as in ordinary civil trials. Rood, supra, p. 371.

At any time prior to final judgment, where it is made to appear that the garnishee has, through inadvertence or otherwise, failed to state in his answer facts which are material and which have been wholly omitted, ordinarily the garnishee's answer may be amended and amendments should be liberally allowed. Rood on Garnishment, p. 382, §309; Waples on Attachment and Garnishment (2d ed.), p. 378, §534; Drake on attachments (7th ed.), p. 573, §650; 38 C.J.S., p. 472, §226 (f).

There was, as we have said, no testimony whatever introduced by either plaintiffs or the garnishee in this proceeding, and it may be that the judge who presided at the trial between the plaintiffs and Greathouse and other defendants had used the knowledge therein acquired in determining the issue raised by the traverse to the garnishee answer; however, we are confined to the record, and our conclusion that evidence was absolutely essential before judgment could be passed is somewhat fortified by constant references in the briefs. For example, in the brief of defendants in error (plaintiffs in the original action), under the title "Garnishee Waived Exclusion Clause" we find:

"After the garnishee was notified of the accident, it conducted an examination of the same and entered its appearance in the lawsuits. Depositions were taken, the defendants in error were subjected to numerous physical examinations, compromise settlement was discussed between the attorney for the garnishee and attorneys for defendants in error, a trial was had of said suits, judg-

ments were entered therein, motions for a new trial were filed and denied, and final judgments were entered in favor of defendants in error and against Greathouse and Peterson.

"By virtue of these acts and conduct of the garnishee, the exclusion clause under which it denies liability was waived, and it is now estopped to raise such defense."

Here we have set out all that was before the trial court as appears in the record before us. The garnishee denied all liability under its policy. Plaintiffs traversed the same. The burden of proof was on plaintiffs to establish by a preponderance of the evidence the liability of the garnishee to Greathouse under the policy attached to the answer. If, as plaintiffs alleged, the garnishee by waiver or estoppel was precluded from denying liability to defendant and its liability in garnishment under the terms of the policy, the facts constituting the waiver and estoppel must appear by evidence in the record. If the non-waiver agreement offered by the garnishee is binding and enforcible as between defendant and the garnishee, upon which we express no opinion, the judgment entered here cannot be supported unless the garnishee by its conduct is estopped from asserting any rights thereunder.

Evidence in support of the issue raised by the traverse to the answer was indispensable before a judgment could be entered in these proceedings, and for failure in this respect the judgment is reversed and cause remanded with instructions that further proceedings, if any, shall be in accordance with the views herein expressed.