No. 20,752.

CHARLES R. WARD *v.* NATIONAL MEDICAL ASSOCIATION
OF DENVER.
(392 P. [2d] 162)

Decided May 11, 1964.

Mr. GEORGE H. GARNER, for plaintiff in error.

Mr. EUGENE D. FAUS, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MCWILLIAMS delivered the opinion
of the Court.

IN its complaint the National Medical Association of
Denver alleged that as the "assignee of Children's Hos-
pital . . . the defendant [Ward] owes plaintiff $449.14
in accordance with the note dated November 21, 1959,
which is attached hereto as Exhibit A."

The record before us does not include Ward's answer to the complaint, although he presumably interposed a general denial thereto.

Upon trial all proffered evidence was received without any objection whatsoever on the part of Ward. At the conclusion of the trial, judgment was entered in favor of the plaintiff against Ward in the amount prayed for, the trial court finding that though Ward was not liable on the note proper, he was nevertheless otherwise "contractually obligated" to the plaintiff's assignor.

The evidence will not be detailed inasmuch as Ward does not assign error, as such, to the trial court finding that he was "contractually obligated" to plaintiff. Rather, his *only* complaint is that the "plaintiff thus has been granted relief on a claim which plaintiff did not state," which — according to Ward — the trial court is powerless to do. He cites no authority for this proposition.

Rule 15, R.C.P. Colo. provides, in part, as follows:

". . . when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleading. Such amendment to the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made on motion of any party at any time, even after judgment; *but failure to so amend does not affect the result of the trial of these issues. . . .*" (Emphasis supplied.)

Our examination of the very sketchy record before us indicates that issues not raised by the pleadings were nonetheless tried by the express consent of the parties. This being the situation, it is of no legal significance that the trial court entered judgment on a "theory" different from the "theory" pled in the complaint. In *Bridges v. Ingram,* 122 Colo. 501, 223 P. (2d) 1051 it was stated that "if, *under the facts,* the substantive law provided relief upon any 'theory', the cause should proceed to judgment" and that if such be the

case "the theory of the pleader is not important." (Emphasis supplied.)

Judgment affirmed.