563 P.2d 954 (1976)
Joseph Alvino MARTINEZ, Jr., through his next friend, William R. Sprague, Plaintiff-Appellee,
v.
VILLA CONSTRUCTION CORPORATION, Defendant,
v.
HAWKEYE-SECURITY INSURANCE COMPANY, Garnishee-Appellant.
No. 75-634.
Colorado Court of Appeals, Div. III.
October 21, 1976.
Rehearing Denied December 16, 1976.
Certiorari Granted May 16, 1977.
*955 Harry L. Hellerstein, Aurora, for plaintiff-appellee.
DeMoulin, Anderson, Campbell & Laugesen, Laird Campbell, Denver, for garnishee-appellant.
SMITH, Judge.
Plaintiff, Joseph Alvin Martinez, Jr., a two-year-old child at the time of the events giving rise to this proceeding, sued defendant Villa Construction Corporation, to recover for personal injuries suffered in a fire at his home. Default judgment was entered against Villa and plaintiff obtained a writ of garnishment directed to Hawkeye-Security Insurance Company, which had insured Villa against certain injuries resulting from the construction of private residences, including the Martinez home. Hawkeye denied that it had any liability under the policy. The trial court entered judgment for plaintiff. Hawkeye appeals the determination that it was liable under the policy. We reverse.
In June 1971, the Martinez family moved into a new house constructed by Villa. Although a certificate of occupancy had been issued, the home was not completely finished and certain items required repair. Among the defects was a basement door that would not properly latch. Villa was notified of this problem but had not remedied it at the time of the accident.
In September of that year, plaintiff pushed open the door at the bottom of the basement stairs and entered the basement where gasoline was stored. The gasoline ignited, and he suffered burns. It is undisputed that had the door latch been properly installed plaintiff would not have been able to enter the basement and would not have been injured.
The insurance policy under which plaintiff asserts Hawkeye is liable provides protection only against injuries occurring during the construction of private residences. Injuries caused by so-called "completed operations hazards" are not covered. A "completed operations hazard" includes:
"bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned . . .. Operations shall be deemed completed at the earliest of the following times:
(3) When the portion of the work out of which the injury or damage arises has been put to its intended use by any person... other than another contractor... engaged in performing operations ... as a part of the same project.
Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed." (emphasis supplied).
Because in a garnishment proceeding, a creditor's rights are no greater than those of his judgment debtor, Kinzie v. Alexander, 108 Colo. 534, 120 P.2d 194; Green v. Green, 108 Colo. 10, 113 P.2d 427, plaintiff can recover from Hawkeye only if Villa, the insured, had a right to do so. Jorgensen v. St. Paul Fire & Marine Insurance Co., 158 Colo. 466, 408 P.2d 66; General Accident Fire & Life Assurance Corp. v. Mitchell, 128 Colo. 11, 259 P.2d 862.
Upon examination of the policy and the undisputed facts, we conclude that, as a matter of law, plaintiff's claim falls within the "completed operations hazard" provision, under which "operations" shall be deemed completed when the portion of work causing the injury has been put to its intended use. Here there was absolutely no testimony as to any specific purpose of the door or of its intended use. However, the trial court concluded that the intended use of the door in question was to provide a barrier against the entry of minor children into the basement, and therefore that, absent an operable latch, it failed to fulfill that use. This conclusion has the effect of selecting, after the fact, a single specific purpose for having the door. In the design of homes there are purposes to be served by *956 the location and installation of basement doors other than that of providing a child proof barrier and a properly working latch is only incidental to the fulfillment of these purposes. We are constrained to observe that, as a "barrier" a door is designed to be opened, else a wall would suffice. Thus, we reject the trial court's finding and conclusion as not supported by the evidence, see Anderson v. Cold Spring Tungsten, Inc., 170 Colo. 7, 458 P.2d 756; Holland Furnace Co. v. Robson, 157 Colo. 347, 402 P.2d 628. We do not, therefore, find it necessary to consider whether the parties intended the applicable policy section as a separate insurable risk or as an exclusion from the policy. Cf. Jorgensen v. St. Paul Insurance Co., supra.
In considering the meaning of a written contract, the entire instrument should be considered, and meaning should be given to each provision of the agreement. Grimes v. Barndollar, 58 Colo. 421, 148 P. 256; New Brantner Extension Ditch Co. v. Kramer, 57 Colo. 218, 141 P. 498. The "completed operations hazard" provision should therefore be interpreted in such a way as to give significance to each of its clauses.
In the context of this case, the import of the last sentence of the provision at issue is that the defective latch did not prevent the basement door from being put to its intended use. Thus, the door comes within the area of completed operations and therefore injuries suffered as a result of the improper installation of the door latch are not covered by the policy.
Judgment reversed.
SILVERSTEIN, C. J., and PIERCE, J., concur.