COLORADO NATIONAL BANK–ARVA-DA, a national banking association formerly known as The Arvada State Bank, a state banking association, Plaintiff-Appellee,

v.

William F. GREANEY, Jr.,
Defendant-Judgment
Debtor,

and

First Charter Bank, a state banking association, Garnishee-Appellant.

No. 84CA1048.

Colorado Court of Appeals,
Div. II.

Jan. 2, 1986.

Rehearing Denied Feb. 13, 1986.

Certiorari Denied June 2, 1986.

Edward A. Walters, P.C., Edward A. Walters, Wheat Ridge, for plaintiff-appellee.

No appearance for defendant-judgment debtor.

Bader & Cox, Gerald L. Bader, Jr., Jeffrey M. Villanueva, Ann L. Duckett, Denver, for garnishee-appellant.

VAN CISE, Judge.

First Charter Bank (FCB) appeals a judgment entered in favor of Colorado National Bank-Arvada (CNB) for $41,728 in a dispute over funds held in a customer's account at First Charter Bank. We reverse.

In July 1983, CNB obtained a judgment by default against William Greaney, Jr., for $110,000. On March 5, 1984, CNB served a writ of garnishment upon FCB. On that date, Greaney had $41,728 in a checking account at FCB, and FCB had an outstanding loan to Greaney for $50,000 which was not in default. FCB froze the funds in Greaney's account while trying to discover whether CNB and Greaney would be able to resolve the matter.

On March 26, FCB claimed the $41,728 as a set-off and deducted that amount from Greaney's account. Then, on March 27, it answered CNB's interrogatories by stating

that it was not holding any personal property owned by Greaney on the date the writ was served. CNB filed a traverse of FCB's answers, and a motion to strike the answers and for entry of default judgment.

At trial, the court held that CNB had a prior right to Greaney's funds in the account at FCB because the FCB note was not due. The court also ruled that FCB had not declared the note to be in default and, therefore, waiting 20 days after receiving the writ of garnishment to claim the set-off was unavailing.

## I.

■ On appeal, FCB contends first that it is entitled to claim a set-off against Greaney's checking account for monies owed to FCB even though the monies were not due at the time CNB served its writ of garnishment. We agree.

*Day v. Bank of Del Norte,* 76 Colo. 223, 230 P. 785 (1924) is dispositive of this issue. The facts are essentially the same in the two cases. In *Day,* the garnishee-bank was served with a writ of garnishment, and the bank claimed a set-off against the defendant's account for the amount of four promissory notes defendant owed the bank which were not yet due or in default. The supreme court held in favor of the garnishee bank, stating: "There is nothing in the testimony which takes away the statutory right of the bank to apply this deposit to the amount of the defendant's indebtedness to it, which existed, although not due, at the time of the service of the writ."

The *Day* court was applying a previous statutory provision that was essentially the same as the 1981 set-off rule which was in effect at the time of this garnishment. C.R.C.P. 103(n), as applicable during the times pertinent here, provided:

"Every garnishee shall be allowed to claim as a set-off and retain or deduct all demands or claims on the part of the garnishee against either the creditor or the debtor of which he could have availed himself if not summoned as garnishee, whether such at the time of the service

of the writ of garnishment are payable or not."

Hence, the holding in *Day* remains viable, and the set-off of the amount owed FCB should have been permitted.

For the set-off rule effective January 1, 1985, which is substantially the same as the 1981 rule, *see* C.R.C.P. 103, § 10 (1985 Cum. Supp.).

## II.

■ FCB further contends that the trial court erred in ruling that FCB claimed its right of set-off in an untimely manner. We agree.

The version of C.R.C.P. 103(n) applicable here is silent as to when the set-off must be taken. However, requiring a garnishee to claim a set-off immediately upon service of the writ of garnishment would be unreasonable. The more practical approach is to allow the same amount of time granted a garnishee to file its answers to the garnishment interrogatories which, under the version of C.R.C.P. 103(c)(3)(B) pertinent here was 20 days. FCB complied with this time limit.

## III.

■ In support of the judgment, CNB contends that, since FCB answered "No" to the interrogatory as to whether it held any intangible personal property of Greaney and did not assert any set-off in its answer, FCB was precluded from claiming set-off. We disagree.

Here, the issue of set-off, although not pled, was fully tried and argued by both parties without objection and was ruled on by the trial court. Under these circumstances, the failure to include this defense in its answer, or to amend to conform to the evidence, is of no consequence. The issue was properly treated as if raised in the answer. *See Ward v. National Medical Ass'n,* 154 Colo. 595, 392 P.2d 162 (1964); C.R.C.P. 15(b).

The judgment is reversed, and the cause is remanded for entry of judgment in favor of the garnishee FCB.

SMITH and STERNBERG, JJ., concur.